## FARMERS AND MECHANICS BANK v. SCHREINER.

July 2, 1836.

*Rule to show cause why execution should not be set aside.*

Where judgment has been entered under the 2d section of the act of the 28th of March 1835, the defendant is entitled to a stay of execution under the 7th section of the act of the 21st of March 1806.

A fee simple in land out of which a ground rent has been reserved, is such a *freehold estate, clear of all incumbrances,* as will entitle the owner of it to a stay of execution under the act of 1806.

*Arrears* of such rent, however, constitute an incumbrance.

IN this case a judgment was entered for the plaintiff for want of an *affidavit* of defence under the 2d section of the act of the 28th of March 1835, and the plaintiff issued execution thereon. Within the time allowed by the practice for pleading freehold, or entering bail for stay of execution under the act of the 21st of March 1806, the defendant obtained a rule to show cause why the execution should not be set aside on pleading his freehold for that purpose. On the hearing of the rule, the defendant produced evidence of his ownership of a freehold estate, out of which a ground rent had been reserved by the original grantor.

*M'Call,* for the rule, contended: 1. That this judgment was within the act of the 21st of March 1806, entitling the defendant to plead his freehold; 2. That a ground rent reserved out of the land held by the defendant in fee simple, was not an incumbrance in contemplation of that act. 1 *Tidd's Prac.* 609; 3 *Binn.* 427; 6 *Binn.* 253.

*F. W. Hubbell, contra.*

The opinion of the Court was delivered by

PETTIT, *President.*—Two questions have been raised in this case. The first is whether the stay of execution provided by the 7th section of the act of the 21st of March 1806 can be had where judgment has been entered by virtue of the 2d section of the act of the 28th of March 1835; and the other is, whether a fee simple in land, out of which a ground rent has been reserved, is such a *freehold*

*estate, clear of all incumbrances,* as will entitle the owner of it to a stay of execution under the said act of 1806.

The counsel for the plaintiff, in objecting to the defendant's claim of freehold, has not strongly pressed the first question, and it is deemed sufficient to remark, that as such a judgment is clearly within the general intent of the law, the court are of opinion that the defendant is entitled to a stay of execution under the regulations mentioned in it.

In relation to the second question, the language of the act of assembly is as follows : "the writ of execution shall be stayed on the judgment, &c., if the defendant, in the opinion of the court, is possessed of a freehold estate worth the amount of such judgment, clear of all incumbrances."

In the present case we are not called upon to inquire whether the estate of the defendant is or is not worth the amount of the judgment, but the argument is, that even admitting it to be so, it is not a freehold estate *clear of all incumbrance.*

It is necessary to distinguish carefully between the right of the owner of the ground rent to enforce payment of the *arrears,* and his right to the rent as an estate of freehold. Independently of all authority as to a re-entry, he may recover the *arrears* by distress or by action of covenant or debt. His claim for them is paramount to all mortgages or judgment which came into existence subsequent to the creation of the reserved rent. The arrears are then plainly an incumbrance, and Judge Yeates, in Gordon v. Curry, 5 *Binn.* 553, expressly designates the *arrears* of the rent as an *incumbrance* upon the land. Chief Justice Gibson, in Brown v. Johnson, 4 *Rawle* 146, evidently contemplates the same thing, when, speaking of the right of the ground landlord, who had obtained a judgment in an action of covenant, to take out of court the amount of his judgment in preference to prior judgment creditors; he says : "this could be done only by subjecting the premises to the charge of the quit rent as a lien, without regard to the nature of the proceeding against the person as a remedy." As the judgment in the action of covenant was for the *arrears,* the remark of the chief justice must be construed accordingly.

The right created by a reservation of the rent is, however, now well understood to constitute of itself a freehold, having all the qualities of real estate. It is bound by a judgment as real estate— it is sold under execution as real estate—it passes by descent as real

estate. The owner of it has an estate, too, separate and distinct from that of the tenant of the land. The estates are, in the language of Judge Kennedy, in St Mary's Church *v.* Miles, 1 *Wharton* 235, "susceptible of being fully enjoyed without conflict." The owner of the ground rent cannot be in any manner interfered with by the tenant of the land; and while the tenant pays up the rent, and prevents the existence of arrears, his enjoyment of the land is beyond the control of the owner of the rent. Punctual payment deprives the party, who had reserved the rent, of all lien or charge whatever, and obliges him to leave the tenant of the land in the unrestrained and unrestricted use and enjoyment of his freehold. Where there are no arrears, then, there is no incumbrance.

But it may be said that arrears may accrue before the stay of execution expires, and that a lien may thus be created, which by relation will take precedence of the judgment upon which the stay of execution has been obtained. This is undoubtedly true, under the decisions of the supreme court. In strictness, it is a sufficient answer to so refined a suggestion to say, that the court are not required to look beyond the state of the facts existing at the moment of the claim of the privilege of freehold. Practically, however, no difficulty is likely to result in any case; and the court, in estimating, as they are bound to do, the *worth* of the freehold, will take care of the interests of the plaintiff.

The estate of the tenant of the land is complete and unincumbered to the extent of the grant. It was conveyed with a *reservation* of another estate. It is diminished in value by the value of the separate estate carved out of it. If the estate in the rent be so large, (and in some recent instances in this city and county it has proved to be so), as to leave the estate in the ground to be of no real value, the latter cannot of course avail upon a claim of a stay of execution. The court must in every instance estimate its value separate from that of the estate which was reserved out of it. If *worth* the amount of the judgment, the stay of execution must be allowed; if not, the stay of execution must be denied.

That each of the freeholds in question should give a right to a stay of execution where the judgment does not exceed its value, is not inconsistent with sound reason. Nor does this result present an anomaly in the law. In every tenancy in common, in a freehold estate for instance, there are as many freeholds as there are tenants. No one freehold is there an incumbrance upon any other.

[Farmers and Mechanics Bank v. Schreiner.]

**Frequently** as this question must have occurred in practice, it has not, so far as I can learn, ever been distinctly presented for the consideration of the supreme court, or of this court. It is probable, that where the security furnished by the property of the defendants themselves has been clearly sufficient, plaintiffs have acquiesced in the claim of a stay of execution, and that in cases of doubt, the defendants have offered other security.

Rule absolute.