## Crouse v. Miller, Appellant.

*Trespass—Highway—Supervisor—Fence.*

Where a fence has been built within the limits of a highway, the supervisor has the right to remove it, but he must do so in a manner which is not reckless or wanton.

A person who notifies a supervisor to remove a fence constructed within the limits of a highway, but does not participate in the actual removal of the fence, is not liable for the wanton and reckless manner in which the supervisor does the work.   He has a right to presume that the supervisor will do his duty in a proper manner and strictly in accordance with the authority which he had for removing obstructions from the highway.

Argued Nov. 11, 1901.   Appeal, No. 266, Oct. T., 1900, by defendant, from judgment of C. P. Berks Co., Aug. T., 1899, No. 122, on verdict for plaintiff in case of Annetta H. Crouse v. Daniel H. Miller and Daniel Bittner.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Trespass for the alleged wrongful removal of a fence.   Before ENDLICH, J.

At the trial it appeared that Daniel H. Miller, a supervisor, removed a fence erected by the plaintiff and alleged to be within the lines of a highway.   It was admitted that Daniel Bittner had notified Miller to remove the fence.

The court charged in part as follows :

[If the defendant removed this fence, having a right to remove it; that is to say, the fence being out in the highway, and did it without any unnecessary, reckless or wanton injury to the fence, then he is not liable.   If he removed the fence when the fence was not in the highway, or if he removed it while it was in the highway, but removed it in such a way as to do injury to the fence, then he would be liable for damages that would result to the plaintiff.   In the one case, of course, if he had no right at all to remove the fence, if the fence was in the proper place, the damages would be, as I said before, whatever were the direct and reasonable and immediate consequences of the removal in the way of injury to the plaintiff.

In the other case, if he removed the fence lawfully; that is to say, the fence being in an improper place; if he had the right to remove it, but removed it, carelessly, did unnecessary injury, then the damages would, of course, not be quite the same as in the other case, but the damages would be just for the unlawful act that he did; that is to say, his carelessness, his wrongfulness in the matter.] [1]

[I have spoken so far only of the supervisor. On the allegation that the actions of the supervisor in this case were dictated and instigated by Daniel Bittner, the plaintiff has made him also a party to this suit, and it will be for the jury to say whether he is in any way liable in the case. There is no evidence that he participated in the removal of the fence or in anything that was done on the ground, and he himself tells you that he had nothing whatever to do with the removal of the second fence; that he did notify the justice of the peace and did notify the supervisor, and, if I am not mistaken, the constable, or had them notified, when the first fence was erected, to see to the removal of it—that he admits; but he says that he had nothing to do with any interference with the second fence. There is some evidence on the part of the husband of the plaintiff that after the second fence had been put up Bittner was on the ground, made some examination of it and some declarations concerning it. As far as I know, that is the only evidence in this case that connects him, in any way, with the removal of this second fence, and it will be for the jury to say what weight, what credibility, is to be given to that evidence. If you don't believe that evidence, then there can be no verdict, as I understand the testimony in this case, against Daniel Bittner, and your verdict as to him would then have to be a verdict for the defendant. If you find a verdict for the plaintiff, of course, you will have to indicate in your verdict against whom you find the verdict, and you will have to give the amount of the damages that you find, in dollars and cents. If you find a verdict against the plaintiff, if you find that he has no cause of action, all that you will have to say is that you find a verdict in favor of the defendants.] [2]

Verdict and judgment for plaintiff for $97.45. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*C. H. Ruhl* and *H. P. Keiser*, of *Jacobs & Keiser*, for appellant.—The erection of a fence upon a public highway is a nuisance per se, and it was the duty of the supervisor to abate the nuisance by removing the fence: Barclay v. Com., 25 Pa. 503; Kelly v. Com., 11 S. & R. 345; Com. v. Marshall, 137 Pa. 170.

There was no testimony to have warranted the submission of Daniel Bittner's liability to the jury: Bard & Wenrich v. Yohn, 26 Pa. 482; Wiest v. Electric Traction Co., 200 Pa. 148.

*H. R. Green*, of *Green & Green*, for appellee.—He who procures a trespass to be committed is liable with those who commit it and it has often been recognized in our cases: McMurtrie v. Stewart, 21 Pa. 322; Welsh v. Cooper, 8 Pa. 217; Frantz v. Lenhart, 56 Pa. 365; Deal v. Bogue, 20 Pa. 228; McCloskey v. Powell, 123 Pa. 62.

OPINION BY BEAVER, J., February 14, 1902:

The plaintiff brought an action of trespass against two defendants, charging a joint trespass in that they " wrongfully and unlawfully broke and entered into the said messuages, tenements and tracts of land in the possession of the said plaintiff and her assigns as aforesaid and tore down, pulled up, demolished and destroyed the fence of the said plaintiff, consisting of post and wire fence erected upon the plaintiff's premises and separating the premises of the plaintiff from the highway or public road known as the Reading & Lancaster Road, and threw the materials composing the same upon the land of the plaintiff, destroying the crops of the plaintiff growing thereon and otherwise exposing the said premises to the constant entry, trespass and depredation of people, horses, cattle," etc. One of the said defendants was the supervisor of the township in which the premises were located, and it appears from the evidence that Bittner, the other defendant, notified him directly, or through the constable, that the plaintiff's fence was upon the highway and should be removed, in consequence of which the supervisor removed the fence; and, when it was rebuilt, removed it the second time.

The errors assigned are entirely to the charge of the court. In what is contained in the first specification, we see nothing erroneous. The court very properly said: "If the defendant removed this fence, having a right to remove it, that is to say, the fence being out in the highway, and did it without any unnecessary, reckless or wanton injury to the fence, then he is not liable. If he removed the fence, when the fence was not in the highway, or if he removed it while it was in the highway but removed it in such a way as to do injury to the fence, then he would be liable for the damages that would result to the plaintiff." The jury were left to determine the liability of the supervisor upon either of two grounds: If the fence was not in the highway, he was, of course, liable, and, if in the highway and it was removed in a reckless or wanton manner, he was also liable, not for the removal but for the manner in which it was done.

The portion of the charge relating to the liability of the other defendant is not so clear. It is said in the charge of the court: "I have spoken so far only of the supervisor. On the allegation that the actions of the supervisor in this case were dictated and instigated by Daniel Bittner, the plaintiff has made him also a party to this suit, and it will be for the jury to say whether he is in any way liable in the case. There is no evidence that he participated in the removal of the fence or in anything that was done on the ground, and he himself tells you that he had nothing whatever to do with the removal of the second fence; that he did notify the justice of the peace and did notify the supervisor, and, if I am not mistaken, the constable; he had them notified, when the first fence was erected, to see to the removal of it; that he admits but he says that he had nothing to do with any interference with the second fence." If the defendant Bittner participated in the removal of the fence, he would, under McMurtrie v. Stewart, 21 Pa. 322, and other cases, have been liable as a joint tort feasor with the supervisor, if the latter exceeded his authority; but, under the circumstances,—if the fence removed by the supervisor was in the highway and it was removed in a wanton and reckless manner, so as to do more damage to the plaintiff than was necessary, Bittner, not participating therein, should not be held liable for such wantonness on the part of the supervisor. He

had a right to presume that the supervisor would do his duty in a proper manner and strictly in accordance with the authority which he had for removing obstructions from the highway and this the court should have said to the jury. Again, if Bittner did notify the supervisor to remove the first fence and the plaintiff acquiesced in the removal thereof, erecting the second fence at a different place and Bittner took no part, directly or indirectly, in the removal of the second fence, he should not be held liable for any damages resulting therefrom, the supervisor acting upon his own responsibility in reference thereto. The question of Bittner's participation in the removal of the second fence, separate and apart from the removal of the first one, does not seem to have been left distinctly to the jury, as we think it should have been. We cannot tell whether the verdict is based upon the removal of a fence which was rightfully in its place or for a wanton destruction of the fence and the crops of the plaintiff, or upon the removal of both fences, or only upon the removal of the second, and hence are unable to determine whether the defendant Bittner was rightfully held liable for the damages resulting from the trespass which the jury found to have been committed. In all other respects we think the charge of the court was without error.

Judgment reversed and a new venire awarded.