# Kinney, Appellant, v. Harrison Manufacturing & Boiler Company.

*Affidavit of defense—Practice, C. P.—Pleading—Defective statement.*

No affidavit of defense is necessary where the statement of claim discloses two causes of action, one arising under a contract, and the other under a tort.

A statement of claim is fatally defective which shows on its face certain modifications of the arrangement between the parties, as to which the minds of the parties had not met.

*Affidavit of defense—Corporations—Officers.*

In an action against a corporation the fact that the summons was served upon one officer of the company and the affidavit of defense was made by another is immaterial.

*Affidavit of defense—Practice, C. P.*

In an action upon a contract alleged to be contained in certain letters set out in plaintiff's statement, an affidavit of defense is sufficient which alleges that material parts of the correspondence, set forth in the plaintiff's statement, were suppressed therein and that no contract was ever entered into between the parties, for the reason that " the plaintiff failed to furnish security as required by the defendant, before it would enter into any contract."

Argued March 11, 1903.   Appeal, No. 15, March T., 1903, by plaintiff, from order of C. P. Dauphin Co., Jan. T., 1902, No. 152, discharging rule for judgment for want of a sufficient affidavit of defense in case of Robert D. Kinney, to use of Alice B. Kinney, trading as R. D. Kinney & Company v. Harrisburg Manufacturing & Boiler Company.   Before BEAVER, OR-LADY, SMITH, W. D. PORTER and MORRISON, JJ.   Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

Plaintiff sued to recover damages for failure on part of the defendant to deliver three sets of steam boiler drums.   Annexed to the statement were a number of letters relating to the alleged agreement.

Henry J. Forney, treasurer of the defendant company, filed the following affidavit of defense:

That beginning about August 4, 1899, and continuing for some time, there were negotiations between the plaintiff and

defendant, the plaintiff acting therein for the said Alice B. Kinney, concerning the building and furnishing to the said Alice B. Kinney, of boiler drums such as are mentioned in plaintiff's statement of claim, but no contract was ever closed between the parties for furnishing said drums.

That the defendant requested before agreeing to furnish said drums, that the plaintiff or the said Alice B. Kinney should give it sufficient security for the payment for said drums.

That the plaintiff agreed to furnish such security, but wholly failed to do so. That in the absence of such security the defendant declined and refused to furnish or deliver any drums to the plaintiff or the said Alice B. Kinney. That the plaintiff's statement of claim gives a part but not all of the correspondence between the parties.

In a supplemental affidavit Forney averred as follows:

That a part of the correspondence between the plaintiff showing the negotiations between them concerning the boiler drums mentioned in plaintiff's statement is suppressed by the plaintiff in his said statement. That the plaintiff has knowledge of all of said correspondence, and is able to produce a true copy of the whole of it.

That the letter of defendant to plaintiff dated August 7, 1899, which plaintiff pretends to insert as Exhibit "E" in his statement is not correctly or fully inserted, a material part of the same being suppressed.

That other letters relating to said negotiations written prior to the writing of the letter to defendant dated September 16, 1899, inserted as Exhibit "F" in said statement of claims are wholly suppressed.

That the full correspondence between the parties shows that no contract for the furnishing of boiler drums was ever closed between the parties, for the reason in part that the plaintiff made changes from time to time in his specifications, but mainly because the plaintiff failed to furnish security, as required by the defendant, before it would enter into any contract.

*Error assigned* was in discharging rule for judgment for want of a sufficient affidavit of defense.

*Robert D. Kinney*, for appellant.

*Edwin W. Jackson*, for appellee.

PER CURIAM, April 20, 1903 :

The plaintiff's statement is not good.   It seems to combine two causes of action, one arising under a contract and the other under a tort.   In the one, she claims $618 difference between the amount of the alleged contract for drums for boilers and what she paid therefor to other parties, and in the other, $2,000, by reason of a fraud perpetrated upon her.   These separate causes of action cannot be combined in a single suit.   If it be said that the claim for damages for the alleged fraud was simply makeweight, it should have been omitted.

As to the alleged contract.   It does not seem to us that the letters set forth in the plaintiff's statement constitute a contract.   By her own showing, there were certain modifications requested, concerning which there seems to have been no meeting of the minds of the parties.   Without any reference to the affidavits of defense, therefore, it seems plain that the plaintiff was not entitled to judgment.

The fact that the summons was served upon one officer of the company and the affidavit made by another is immaterial. The affidavits refer to correspondence alleged to be known to the officer making the affidavit.   The defendant alleges that material parts of the correspondence, set forth in the plaintiff's statement, were suppressed therein and that no contract ever was entered into between the parties, for the reason that " the plaintiff failed to furnish security as required by the defendant, before it would enter into any contract."   This, if true, constitutes a good defense.   The motion for judgment for want of a sufficient affidavit of defense was properly overruled.

Order affirmed, without prejudice, etc.