# Allwein *v.* Brown, Appellant.

*Practice, C. P.—Reservation of question of law—Trespass—Use and occupation—Statement.*

In an action of trespass for deceit and for the use and occupation of land the court reserved the following question: "Whether under all the evidence in this case the plaintiff, under the averments in the statement, is entitled to recover for use and occupation." No exception or objection was made to the form of the reservation. *Held,* that although the reservation was bad in form, it would be considered by the court, inasmuch as the sole purpose ascribed to it, was that it dealt only with the question of the sufficiency of the statement to warrant a recovery for use and occupation.

*Practice, C. P.—Pleading—Statement—Causes of action—Misjoinder—Demurrer—Use and occupation.*

The misjoinder of two incongruous causes of action, one sounding in tort and the another in contract, is waived by a voluntary trial on the merits and judgment. Objection to such defects should be presented on demurrer to the statement.

Under the Act of May 25, 1887, P. L. 271, the remedy for the wrongful occupancy or use of land is an action of trespass.

Argued Oct. 26, 1904. Appeal, No. 103, Oct. T., 1904, by defendant, from judgment of C. P. Lebanon Co., Sept. T., 1901, No. 133, on verdict for plaintiff in case of Aug. D. Allwein v. Jacob J. Brown. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass for fraud and deceit and for the use and occupation of land. Before EHRGOOD, P. J.

At the trial the jury returned a verdict of $83.43 on the question of law reserved.

On motion for judgment EHRGOOD, P. J., filed the following opinion:

The court at the trial reserved the question "whether, under all the evidence in this case, the plaintiff, under the averments in the statement, is entitled to recover for use and occupation."

The first count, in the statement, is in trespass, founded on fraud and deceit. The evidence offered by the plaintiff did

not support the allegations contained in said count and was not submitted to the jury.

The plaintiff therefore rescinded the contract with the defendant without cause and unless the defendant also rescinded the contract or agreed to a rescission of the same there could be no recovery in this case.

The plaintiff, after he had rescinded the contract, removed from the defendant's farm, whereupon the defendant immediately took possession of the same and afterwards sold the same to another party. He also retained possession of the plaintiff's house and lot for a period of one year and received the rent for the same.

The question whether the defendant also rescinded the contract was submitted to the jury and by them evidently determined against him. If the defendant also rescinded the contract it was his duty to relinquish possession of the plaintiff's house and lot and his retaining the same made him a trespasser and liable in damages as such. The statement in this case is very loosely drawn, but the defendant pleaded to the same instead of demurring and went to trial on the merits. The statement sets forth that the defendant also rescinded the contract and refused to give up the possession of the plaintiff's house and lot for a period of one year and collected the rent during that time to plaintiff's damage. After a trial upon the merits we do not believe the verdict of the jury should be set aside on account of defects such as are complained of in the statement and of which advantage should have been taken by demurrer, and especially where the verdict does substantial justice between the parties.

And now, April 29, 1904, judgment is directed to be entered on the verdict upon payment of the jury fee. Exception to the defendant.

*P. S. Keiser*, for appellant, cited : Cox v. Highley, 100 Pa. 249.

*J. G. Adams*, for appellee.—The proper action for the wrongful use and occupation of real estate is in tort : McCloskey v. Miller, 72 Pa. 151 ; National Oil Refining Co. v. Bush, 88 Pa. 335 ; Grove v. Barclay, 106 Pa. 155 ; Silliman v. Whitmer & Sons, 11 Pa. Superior Ct. 243.

OPINION BY SMITH, J., November 20, 1905:

The question submitted for decision in the present case relates to the sufficiency of the plaintiff's statement to recover for the use and occupation of his land. This appears by the course of the trial and by the question reserved: " Whether under all the evidence in this case the plaintiff, under the averments in the statement, is entitled to recover for use and occupation." While this reservation is not explicit or definite, and if viewed as referring to the sufficiency of the whole evidence, is bad (Wilson v. Steamboat Tuscarora, 25 Pa. 317; Wilde v. Trainor, 59 Pa. 439), yet as the sole purpose ascribed to it by its author, is that it deals only with the question of the sufficiency of the statement to warrant a recovery for use and occupation; and as there is no exception or objection to this interpretation, we accept this view of it.

Discarding the averments upon which recovery was forbidden and the surplusage, the remainder of the plaintiff's statement avers, in substance, " that the defendant took possession and refused to give up the plaintiff's house and lot of ground for one year, and collected the rent from the tenant." The verdict was for the rent due and interest thereon. It is contended that the statement is defective in uniting two incongruous causes of action, sounding in tort and in contract. But this misjoinder is waived by a voluntary trial on the merits, and judgment. The alleged faults in pleading could have been amended under the act of 1806. To be effective these objections should have been presented on demurrer to the statement, " after a trial on the merits, verdict, and judgment, no defect would be fatal unless it is shown to have injuriously affected the trial; on appeal the proper amendment will be considered to have been made: " Chapin v. Cambria Iron Co., 145 Pa. 478; Allegheny v. Nelson, 25 Pa. 332. No such injurious showing appears in the record. Under the act of May 25, 1887, the remedy for the wrongful occupancy or use of the plaintiff's land is an action of trespass: Silliman v. Whitmer & Son, 11 Pa. Superior Ct. 243. The claims objected to were withdrawn from the jury and the case was submitted on the claim for use and occupation only. This was sufficiently averred and the recovery therefor was fully warranted.

Judgment affirmed.