# Coughenour *v.* Charles E. Stewart & Company, Appellant.

*Actions—Trespass—Assumpsit—Pleading—Demurrer—Landlord and tenant—Injury to demised premises.*

1. Where a lease gives the tenant the right to make certain physical changes on the demised premises such as the taking out of partitions in doors from houses and stalls and mangers in a stable and to replace the same at the tenant's costs, the lessor cannot after the surrender of the premises to him maintain an action of trespass against the tenant to recover damages for the removal of the partitions and other injuries to the demised premises, and introduce evidence of such removal of partitions and injuries. The only remedy of the lessor is an action of assumpsit for a breach of the contract contained in the lease.

2. Where in such a case there is nothing whatever in the statement of claim to indicate a contract between the parties, or that the plaintiff intended to try any cause of action but trespass quare clausum fregit, the defendant is not in a position to demur, and the plaintiff cannot allege the failure of defendant to demur as a ground for admitting evidence of the injuries to the demised premises.

3. Where in such a case one of the plaintiff's claims is based upon the cutting of a number of trees, and the defendant alleges that the trees were taken with the consent of the plaintiff on an agreement to pay therefor, it is error for the trial judge to instruct the jury that the plaintiff could recover whether there was such an agreement or not.

4. Where in such a case the plaintiff claims damages for the removal of rails, posts and fencing materials, the court should permit the defendant to show that such injuries were caused by persons whom he had employed, and that he was in no wise connected with the removal of the materials and their improper use.

5. Where a plaintiff in an action of trespass quare clausum fregit charges that the trespass had been committed upon a 240 acre farm, portions of which were in the defendant's possession under a lease when the alleged trespass was committed, the plaintiff is bound to show what portion of the farm the defendants were not in possession of under the lease.

Argued May 4, 1910. Appeal, No. 168, April T., 1910, by defendants, from judgment of C. P. Somerset Co., Sept. T., 1907, No. 338, on verdict for plaintiff in case of C. S. Coughenour v. Charles E. Stewart & Company.

Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Reversed.

Trespass quare clausum fregit.

At the trial the plaintiff made the following offer:

Mr. Scott: We propose to prove by the witness on the stand that the dwelling house, stable and other outbuildings were in a good, tenantable condition when the defendants took possession of the same; that the fences were good; the bars and gates and the inclosure around a certain garden on the leased premises were in good condition; that when they surrendered possession of the leased premises, the partitions in the dwelling house were torn away; that the window lights were broken out; that the porch was destroyed, etc., as to the dwelling; as to the stable, the stalls were destroyed, four in number; the weatherboarding torn therefrom, and the outbuilding, to wit, the spring house, was used by the defendants as an oil storage place, and that by reason of the use of said oil it has rendered that building entirely worthless, and another outbuilding, to wit, a coal house, was entirely destroyed; that the fences were torn down, and rails broken and burned.

Mr. Ruppel: This evidence is objected to for the following reasons: First, it is inadmissible under the pleadings; second, this being an action of trespass, none of the matters contained in the offer can be adjudicated in this proceeding.

The Court: I think, having joined issue on it, we will overrule the objection and note an exception to the defendants. [1]

Mr. Scott: "Q. State in what condition you handed over the property, with reference to gates, and fences surrounding the property?   A. Everything was in good condition."

Mr. Ruppel: I object to this, first, as inadmissible under the pleadings, and second, as the agreement expressly provides for the payment of damages for these items,

there can be no recovery in this action, as it is an action of trespass.

Objection overruled and exception noted to defendants. [2]

Defendant made this offer:

Mr. Ruppel: We propose to prove by the witness and others that the persons living in the shanties and who, it is alleged, carried away the rails and posts and fencing material, and used it for firewood, did so of their own responsibility, and that the defendants were not in any wise connected with such improper use of plaintiff's material; that the tenants under the defendants were to furnish their own fuel, and some fuel was furnished by the defendants and paid for by the tenants.

Objected to as immaterial and irrelevant.

Objection sustained and exception noted to defendants. [3]

The court charged in part as follows:

[When the statement was filed, an examination of it would have shown that it involved a variety of claims, some of which were founded on a tort; that is to say, on a wrong or an injury, and some of which were founded upon a direct, distinct contract, so that these various claims were not in harmony with one another, in so far as the form of action adopted by the plaintiff was concerned; in other words, damages for what I have called a tort, or a wrong or an injury, must be recovered in an action of trespass, and the other damages which are sought to be recovered must be recovered in an action of assumpsit, and these various claims were blended in this action.  I mention this now only because the question has been argued at length before you on a motion to the court last evening, and was referred to again in the argument of counsel, and I desire to say at this point that that matter is not to concern you one way or another. The court has held that by reason of there having been no demurrer filed, and by reason of the lapse of time and

the circumstances, and from the further reason that we thought the rights of the parties could be adjusted without injury to either of them in the form of the action as it now stands, we ruled that we would proceed with this case and try it to its end.  So that any of the matters that you may have heard in the discussion relating to whether this is a trespass, whether these damages are claimed upon trespass, or whether part of them are claimed upon contract, need not concern you.] [4]

[As to the fences, gates and bars, it is not claimed by the defendants that they had any right to remove them— they or their employees—and if you find that they were destroyed, as the plaintiff contends—find from the whole of the evidence that they were destroyed—you would ascertain the damages or extent of the injury suffered by the plaintiff by the destruction of the fences, gates and bars, and allow that to him as a part of your verdict; and just so, if you find that damage was done of the character described by the plaintiff's witnesses, to the house or the stable, or both of them, you would from the testimony ascertain the amount of such damage and allow that to the plaintiff.] [5]

[You may ascertain first if the plaintiff suffered damage from the wandering of this stock over his ground, and if he did, the amount of it, and if any amount, that will be added to the other matter.] [6]

[If that meant that Mr. Coughenour gave consent to the taking of the timber, that relieved the defendants from any question of treble damages, or, if the answer of Mr. Coughenour led Mr. Wilmoth to believe that he could take it upon paying for it, that relieved him from treble damages, but in neither event did it relieve from single damage, because the defendants would still have to pay for the timber.] [7]

Defendants presented these points:

Under the pleadings and all the evidence in the case the verdict must be for the defendants. *Answer:* Refused. [8]

2. The damages claimed for in this action for injuries done to the house, stable, fences, gates, bars, coal house, woodhouse, and all other items which defendants had a right to use or take or change in any way under the lease offered in evidence by the plaintiff cannot be recovered in this form of action as it is expressly provided in the agreement or lease that the defendants are to pay the value of the property injured, destroyed or taken by the defendants. *Answer:* Refused. [9]

3. Under the plaintiff's own testimony that after some trees had been cut by the defendants, being part of the 217 for which damages are claimed in this action, he called on the defendants with reference to them and they promised to pay him for the trees that they had taken and would take, and no objection or protest having been made by the plaintiff at that time the defendants had a right to assume that they were permitted to cut these trees and pay their value and were not trespassers and neither damages nor the value of the trees thus cut can be recovered in this action. *Answer:* As stated this point is refused. [10]

4. The plaintiff has not in his statement for cause of action, nor in his proof sufficiently defined and described the premises on which the alleged trespasses were committed, such as destroying wheat, and spoiling grass and herbage, so as to enable the jury to properly determine whether the same were included within the terms of the lease from the plaintiff to the defendants or not, and therefore there can be no recovery in this action for these claims. *Answer:* Refused. [11]

Verdict and judgment for plaintiff for $364.75. Defendants appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions; (4–11) above instructions, quoting them.

*W. H. Ruppel*, with him *C. F. Uhl, Jr.*, for appellants.— The plaintiff's proof was improper under the pleadings:

Strohecker v. Grant, 16 S. & R. 237; Seip v. Drach, 14
Pa. 352; Brumbaugh v. Keith, 31 Pa. 327; Pearsoll v.
Chapin, 44 Pa. 9; Penna. R. R. Co. v. Zug, 47 Pa. 480;
Noble v. Laley, 50 Pa. 281; Burkholder v. Beetem, 65
Pa. 496; Pettit v. Sanger, 2 Pears. 84; Erie City Iron
Works v. Barber, 118 Pa. 6; Kinney v. Harrison Mfg.,
etc., Co., 22 Pa. Superior Ct. 601; Lane v. Land Co.,
211 Pa. 290; Krug v. Peale, 35 Pa. Superior Ct. 1; Mc-
Lean v. Shoenhut Co., 225 Pa. 100.

Appellants were no more liable for the trespasses of
their employees than they would have been for the tres-
pass of any stranger who might have committed depre-
dations on the farm of the plaintiff: Wilson v. Donaghy,
7 Phila. 153; Offerman v. Starr, 2 Pa. 394; Yerger v.
Warren, 31 Pa. 319.

*Valentine Hay*, with him *John R. Scott* and *A. L. G.
Hay*, for appellee.—The form of action was proper: Duf-
field v. Rosenzweig, 144 Pa. 520; Miller v. Transit Co.,
181 Pa. 622; Welker v. Metcalf, 209 Pa. 373; Erie City
Iron Works v. Barber, 118 Pa. 6; Whitney v. Haskell,
216 Pa. 622; Burkholder v. Beetem, 65 Pa. 496; Martin v.
Stillé, 3 Whart. 337; Skivington v. Richards, 208 Pa. 385.

Damages done by tenants to leased property are re-
coverable in an action of trespass (formerly trespass on
the case): Agque v. R. R. Co., 14 Pa. C. C. Rep. 199.

Opinion by Morrison, J., July 20, 1910:

This is an action of trespass and the plaintiff filed a
declaration charging that the defendants did with force and
arms break and enter the close of the plaintiff, describing
it, containing 240 acres of land.  The declaration con-
tains five counts or specifications of damages alleged to
have been caused by the defendants upon said land and
each and all of said counts or specifications allege trespass
quare clausum fregit and the declaration contains no hint
of any other cause of action, nor is there any inconsist-
ency apparent on the face thereof.  The defendants

pleaded "not guilty" and upon the issue thus raised the parties went to trial.

The first move of the plaintiff, after the jury was sworn, was to offer in evidence a contract between the parties, plaintiffs and defendants, dated October 9, 1901. This contract very clearly granted to the defendants the right to enter in and upon certain portions of the locus in quo (just what portions are not clearly defined) and to use and occupy the buildings thereon and portions of the land from the date of the agreement for a period of seventeen months. This agreement recognized the right of the defendants to take out partitions, doors, etc., from houses, stalls and mangers out of stable and to replace the same at the defendants' costs. The contract also contained other provisions as to repairs, etc., and it clearly renders the defendants liable for injuries to the property in an action ex contractu. The admission in evidence of said contract was not objected to by defendants' counsel and an offer was then called for, whereupon plaintiff's counsel proposed to prove that the dwelling house, stable and other outbuildings were in good tenantable condition when the defendants took possession of the same; that the fences were good; the bars and gates and the inclosure around a certain garden on the leased premises were in good condition; that when they surrendered possession of the leased premises, the partitions in the dwelling house were torn away, and reciting certain other damages. Defendants' counsel: "This evidence is objected to for the following reasons: 1. It is not admissible under the pleadings. 2. This being an action of trespass none of the matters contained in the offer can be adjudicated in this proceeding." By the court: "I think, having joined issue on it, we will overrule the objection and note an exception to the defendants." The court then permitted the plaintiff to introduce a large mass of testimony in support of the offer.

The first, second, fourth, fifth, sixth, seventh, eighth and ninth assignments of error all raise substantially the

same question, viz., whether the plaintiff can recover in this form of action for injuries which arose out of a contract between the parties for a leasing of the premises, the locus in quo, or portions of it.   Defendants' counsel state their position as follows:

(a)  "There having been an article of agreement between the parties with reference to the leasing of the premises, that for any injuries growing out of the relations between the parties under that article of agreement, the recovery must be had in an action ex contractu and not in an action sounding in tort."

(b)  "There can be no blending, either in the statement or the proof, of claims sounding in tort and claims arising under the contract."

(c)  "The plaintiff having filed a statement which was purely for alleged trespasses and making no reference whatever to an agreement between the parties or to any matters which could have in any way been adjusted in an action of assumpsit, the defendant could not have filed a demurrer which would have been sustained by the court."

We will not take time nor occupy space in citing authorities to support the proposition that the remedy for breaches under the contract was in an action of assumpsit and not in trespass.   The record discloses that the court admitted evidence under the plaintiff's declaration which was clearly in trespass, both in support of the trespasses alleged in the declaration and in support of items of damages which were clearly embraced within the terms of the contract between the parties.   The latter items could only have been recovered for in an action of assumpsit, and as the verdict does not disclose how much was allowed by the jury for either class of these claims, it is impossible to sustain the judgment.

That a cause of action sounding in tort and one based on a contract cannot be tried in the same action is so well settled that it hardly seems necessary to cite authorities on the question.   We will, however, refer to a few of the cases: Strohecker v. Grant et al., 16 S. & R. 237; Smith v.

Meanor, 16 S. & R. 375; Penna. R. R. Co. v. Zug, 47 Pa. 480; Noble's Admr. v. Laley, 50 Pa. 281; Kinney v. Harrison Mfg., etc., Co., 22 Pa. Superior Ct. 601.

The learned court below appears to have recognized the principle that actions ex contractu and actions sounding in tort ought not to be joined. But he was of the opinion that the defendants could not raise this question because of their failure to demur to the declaration. Plaintiff's counsel have devoted a large portion of their printed argument to the citation of authorities and an attempt to sustain this position. Among these authorities are Welker v. Metcalf, 209 Pa. 373; Erie City Iron Works v. Barber, 118 Pa. 6; Martin v. Stillé, 3 Whart, 337; Skivington v. Richards, 208 Pa. 385, and other authorities. But not one of these cases supports the contention that the defendants in the present case ought to have demurred. In each of said cases there was something appearing upon the face of the declaration which showed an improper joinder or inconsistency in the counts and therefore a demurrer was proper. But in the present case the declaration is in trespass pure and simple, and there is not a hint in it that the plaintiff intended to try any cause of action but trespass quare clausum fregit. It is, therefore, perfectly apparent that the defendants could not demur for by so doing they would have admitted all of the facts well pleaded in the declaration. Upon the trial of the present case the court ought to have excluded all evidence not tending to support at least one or some of the acts of trespass and damages alleged in the declaration.

In the charge to the jury as quoted in the fourth assignment, the court said: "When the statement was filed, an examination of it would have shown that it involved a variety of claims, some of which were founded on a tort; that is to say, on a wrong or an injury, and some of which were founded on a direct, distinct contract, so that these various claims were not in harmony with one another, in so far as the form of action adopted by the plaintiff was concerned; in other words, damages for what I have called

a tort, or a wrong or an injury, must be recovered in an action of trespass, and the other damages which are sought to be recovered in an action of assumpsit, and these various claims were blended in this action. . . . The court has held that by reason of there having been no demurrer filed, etc., we ruled that we would proceed with the case and try it to its end." The court says these various claims were blended in this action. They were not blended by the plaintiff's declaration, but by the evidence improperly admitted by the court in spite of the objection of the defendants' counsel.

The seventh assignment relates to the cutting of 217 trees by the defendants. In regard to these trees there was a dispute between the parties, the plaintiff alleging that they were wrongfully taken and that he was entitled to recover in trespass the value thereof. The defendants alleged that the trees were taken with the consent of the plaintiff on an agreement to pay therefor. If the jury had found from the evidence in favor of the defendants' contention, the question of the trees should have been withdrawn from their consideration because the plaintiff's remedy would have been in assumpsit. But in the portion of the charge quoted in the seventh assignment, the court told the jury that in either event the plaintiff could recover the value of the trees. This was palpably wrong. We sustain the first, second, fourth, fifth, sixth, seventh, eighth and ninth assignments.

The third assignment was an offer by defendants to prove that the rails and posts and fencing material alleged by plaintiffs to have been used for firewood were so used by persons who worked for the defendants and that they were to furnish their own fuel and that the defendants were not in anywise connected with such improper use of plaintiff's material. This offer was objected to and the court sustained the objection and granted an exception to the defendants. We think this assignment must be sustained. If A employs B to work for him and the latter without A's consent, carries away and burns the rails

of C, we do not understand how C can recover therefor against A: Little Schuylkill Nav., etc., Co. v. Richards, 57 Pa. 142; Crouse v. Miller, 19 Pa. Superior Ct. 384; Wilson v. Donaghy, 7 Phila. 153. The third assignment is sustained.

The tenth assignment asked for a binding instruction in regard to the 217 trees, that there could be no recovery therefor in trespass, but this assignment cannot be sustained because the question of whether the trees were taken under an agreement or tortiously was in dispute. The tenth assignment is not sustained.

The eleventh assignment is as follows: "The plaintiff has not in his statement for cause of action, nor in his proof sufficiently defined and described the premises on which the alleged trespasses were committed, such as destroying wheat, and spoiling grass and herbage, so as to enable the jury to properly determine whether the same were included within the terms of the lease from the plaintiff to the defendants or not, and therefore there can be no recovery in this action for these claims." Answer: "Refused."

In view of the fact that the plaintiff's declaration alleged the trespass to have been upon the 240 acre farm, portions of which were in the defendants' possession under the contract of October 9, 1901, and that the said contract does not accurately and sufficiently describe just what portions of the locus in quo the defendants were entitled to occupy under it, we think this assignment must be sustained.

If this action of trespass is to be tried again the plaintiff should be required to so amend his declaration as to leave no doubt as to what portion of the farm the defendants were not in possession of or entitled to possession under their contract.

The judgment is reversed with a venire facias de novo.