## Shuck v. Menser et al.

*B. B. Boose*, for plaintiff; *J. A. Berkey*, for defendants.

Boose, P. J., July 16, 1934.—The plaintiff brought this action in trespass against the defendant to recover damages for the alleged wrongful sale of the plaintiff's goods and chattels under a landlord's warrant. The defendants filed an affidavit of defense in the nature of a demurrer, raising the following questions of law: (1) That the action is in trespass, while the statement of claim is for a breach of contract; (2) that the averments of the plaintiff's statement of claim are insufficient to show a breach of contract; and (3) that the averments in the plaintiff's statement of claim are insufficient in law to charge the defendant, W. E. Menser, with the commission of a tort.

At first glance, it would appear that the plaintiff's cause of action is grounded upon a breach of contract and tortious acts committed in pursuance thereof. Clearly, causes of action in assumpsit and trespass cannot properly be joined in the same action, unless the tort be waived, and sued as an action of assumpsit: Steel v. Levy, 282 Pa. 338; Kinney v. Harrison Manufacturing & Boiler Co., 22 Pa. Superior Ct. 601. An affidavit of defense in the nature of a demurrer is the proper practice and procedure to raise this question: Allwein v. Brown, 29 Pa. Superior Ct. 331.

But, upon a closer examination of the plaintiff's statement of claim, it appears that the contract (a lease) was pleaded merely for the purpose of showing the plaintiff's right of possession, and the acts of the defendants are not alleged as a breach thereof. The acts alleged to have been committed by defendants, if so committed, are not in breach of said contract, but in violation of the plaintiff's rights growing out of the precedent contract, giving him the right of possession of the demised premises. It may be true that the liability of the defendants for

395

the acts complained of, if any, is not joint but several. If, upon the trial of the case, the plaintiff should not be able to establish a joint liability against both defendants, the court has power to control the situation under the Act of June 29, 1923, P. L. 981: Reece v. Rodgers, 40 Pa. Superior Ct. 171. All the questions raised by the affidavit of defense can be controlled upon the trial of the case, if they become important and material to the just determination of the cause.

### Decree

Now, July 16, 1934, the affidavit of defense in the nature of a demurrer is overruled, with leave to the defendants to file a supplemental affidavit of defense to the merits within 15 days.

From Mrs. Daryle R. Heckman, Somerset, Pa.