## Birdsell et al. v. Brennan et al.

*Elton J. Buckley*, for plaintiffs.
*Wolf, Block, Schorr & Solis-Cohen*, for defendants.

MacNeille, J., October 13, 1934.—We are considering plaintiffs' motion for a new trial.

This suit is for the recovery of the principal of a delinquent ground rent and accumulated interest on premises 1927-1929 Market Street, Philadelphia. The ground rent deed was signed by James M. Brennan, against whom judgment has already been obtained and the property taken over by the plaintiffs. This proceeding is to recover against Stanley Company of America and the other defendant corporations, on the theory that Brennan in signing the deed acted as their agent and that the agency was disclosed to the plaintiffs before the creation of the ground rent. Plaintiffs also seek damages for the destruction of some buildings. The proof offered for this purpose consisted of certain letters written by subordinates to a demolition contractor (Heavey) directing the removal of certain buildings that were on the land at the time the letters were written, which buildings were in existence previously—that is, on July 7, 1927, at the making of the ground rent deed.

We held these letters insufficient to prove such agency, particularly in view of the fact that such letters were written by subordinates, and plaintiffs were unable to accompany them with proof that would establish the subordinates' authority from these defendants as principals.

Plaintiffs urge that, even if these letters may not be used to establish that

Brennan was acting as agent for the corporations, they at least establish that these defendants ordered the buildings demolished, and that this puts them in the position of strangers who destroy property and thus they are responsible in trespass. But plaintiffs lose sight of the fact that in this case they are proceeding in assumpsit, and they may not in this same case press what is in reality a suit in trespass: 1 C. J. 1065; Erie City Iron Works v. Barber et al., 118 Pa. 6. In Coughenour v. Charles E. Stewart & Co., 44 Pa. Superior Ct. 7, 14, it was said: "that a cause of action sounding in tort and one based on a contract cannot be tried in the same action is so well settled that it hardly seems necessary to cite authorities on the question."

Plaintiffs sought to recover the principal of the ground rent on the further ground that the successors in title by deed from Brennan became responsible for the performance of the covenants in the ground rent deed. They could not recover the principal of the ground rent on such a theory. On these grounds, the defendants were entitled to have a directed verdict in their favor: Real Estate-Land Title & Trust Co. et al. v. Philadelphia Record Co., 302 Pa. 370, 371.

Plaintiffs now seek to have the directed verdict set aside and a new trial granted as to the one defendant, Solis Company. This company was in January 1929 the registered owner of the land and had taken title, of course, under and subject to the ground rent deed which was created on July 7, 1927, and while in possession it demolished the buildings, thus leaving a vacant lot. Plaintiffs insist that, since defendant became the owner subject to a ground rent placed when the building was in existence, it was without right to demolish the building, thus lessening the pro rata security of the ground rent.

Plaintiffs offered no authorities, and we can find none supporting this theory. Unless there was a specific covenant either to build or to maintain a building on the land, the owner of the land subject to a ground rent holds a title in fee simple unencumbered as long as there are no arrears and may fully make use of his property to his enjoyment thereof. A fee simple in land out of which a ground rent has been reserved is a freehold estate clear of all encumbrances, unless there be arrears: Farmers & Mechanics Bank v. Schreiner, 1 Miles 291. His enjoyment may extend even to the extent of removing the soil, and this will not be waste: Lafferty's Appeal, 20 W. N. C. 36.

Plaintiffs make a further contention based upon their belief that the ground rent deed in the instant case contained a covenant running with the land that required the grantee and all subsequent holders to preserve and maintain the building that stood on the ground when the ground rent was reserved. For the principle that subsequent owners are bound by the covenant they cite Fisher's Execs. v. Lewis, 1 Clark 422. In that case, an indenture conveying the fee and reserving rent contained a covenant binding the grantee, his heirs, and assigns to build within a year; the grantee within the year assigned the land to one who held it when the breach occurred. We can readily understand that under those circumstances such a holder was bound by the covenant. But do we have such a covenant in the instant case? Plaintiffs suggest the thought of an implied covenant, but we are of the opinion that we cannot hold a subsequent grantee bound by a precedent covenant unless it be expressed clearly. To establish such a covenant, the plaintiffs point to two provisions in the ground rent deed. The first is as follows:

"That he, the said grantee, his heirs and assigns, shall keep and maintain at all times hereafter until the said yearly ground rent is extinguished, policies of fire insurance in good and approved companies duly assigned, as collateral security, to the said Margaret Isabella Miller and Elizabeth Courtney Birdsell,

their heirs and assigns, to an amount not less than $35,000 upon the building erected upon the said lot."

The second is as follows:

"That he, the said grantee, his heirs and assigns, shall produce to the said Margaret Isabella Miller and Elizabeth Courtney Birdsell, their heirs and assigns, on or before the first day of October of each and every year, receipts for all taxes and water rent of the current year assessed upon the lot of ground hereby conveyed, as well as upon the buildings thereon erected."

To our mind, these clauses require nothing more than that policies of fire insurance be maintained upon the buildings erected on the lot and that the taxes shall be paid. We cannot find in them a covenant that the buildings shall be permitted to stand as they were as of the date of creation of the ground rent, nor does it require that others of no less value shall be maintained.

As we have said, the ground rent was created in July 1927, and the buildings were removed by the defendant Solis Company in January of 1929, and no complaint was made by the plaintiffs until 1932. It is a further fact that, shortly after the buildings were torn down, Birdsell, one of the plaintiffs, was asked for surrender of the policy. This he did, and thereafter no policy was maintained and none was called for. He testified that he received checks from the defendant Solis Company for a long time after the buildings were torn down, and that he surrendered the fire policy. In the light of this conduct, it is plain that even the plaintiffs did not interpret the two provisions referred to as being a covenant to maintain the buildings. But, even if they did so interpret, they stood idly by without taking any action to prevent what they now declare to be waste. Such conduct is in effect a waiver of their rights and would imply a ratification of the act of the owners in tearing down the buildings.

Wherefore, we dismiss the plaintiffs' motion for a new trial.