## John R. Large, Admr., et al., Plffs. in Err., v. James McClain.

Under a deed of general warranty in the ordinary form, containing the words "grant, bargain, and sell," the grantee has a right to recover of the administrator of his grantor the money paid by him as collateral inheritance tax which was a lien upon the property when conveyed by said deed.

The words "grant, bargain, and sell" in the deed, under the act of May 28, 1715, created a covenant against encumbrances which was broken as soon as made by this lien; and plaintiff, being compelled to pay it to save his property, has a right to recover it.

(Argued November 13, 1886. Decided November 15, 1886.)

October Term, 1886, No. 238, W. D., before GORDON, PAXSON, TRUNKEY, GREEN, and CLARK, JJ. Error to the Common

NOTE.—The act of May 28, 1715, did not create a covenant of general or special warranty by the use of the words "grant, bargain, and sell," but only a covenant that the grantor has not done any act, nor created any encumbrance, whereby the estate granted might be defeated. Whitehill v. Gotwalt, 3 Penr. & W. 313. It applies only to encumbrances created by the grantor. Knepper v. Kurtz, 58 Pa. 480; Stutt v. Building Asso. 12 Pa. Co. Ct. 344; Gheen v. Harris, 170 Pa. 644, 32 Atl. 1094. Such are a tax assessed for municipal improvements (Trotter v. Page, 7 W. N. C. 469; Shaffer v. Greer, 87 Pa. 370); or a mechanic's lien (Dyer v. Ladomus, 2 Del. Co. Rep. 422); or a claim for gas (Wood's Estate, 15 W. N. C. 94); or a mortgage (Funk v. Voneida, 11 Serg. & R. 109, 14 Am. Dec. 617). Ordinarily a servitude upon the ground which was apparent is not covenanted against by the use of the words "grant, bargain, and sell." Memmert v. McKeen, 112 Pa. 315, 4 Atl. 542. But it may be for the jury to say whether it was apparent. Eby v. Elder, 122 Pa. 342, 15 Atl. 423.

Pleas No. 1 of Allegheny County to review a judgment for plaintiff in an action of covenant. Affirmed.

This action was brought by James McClain against John R. Large, administrator of William Pollock, deceased, and the heirs at law of said William Pollock, to recover one half the amount of a collateral inheritance tax.

The facts as they appeared in the court below are as follows: In the year 1866, and for some years prior thereto, the title to a tract of land, containing about 200 acres, situate in Versailles township, Allegheny county, Pennsylvania, was vested in William Pollock, Martha Pollock, and the heirs of Mary Power, deceased, as tenants in common, as heirs at law of Henry G. Pollock, deceased. In the same year proceedings were instituted for partition between the heirs, William and Martha Pollock being each entitled to one third, and the Power heirs to the other third. During the pendency of these proceedings Martha Pollock died intestate, unmarried, and without issue, leaving as collateral heirs William Pollock, her brother, and the heirs of Mary Power, her sister. Her death being suggested on the record the land was divided in two equal purparts, which were duly chosen and set apart to the respective heirs. By deed dated January 9, 1868, William Pollock, by his attorney in fact, John R. Large, conveyed his purpart to James McClain, the plaintiff, by deed of general warranty in the ordinary form, using the words:

"The said party of the first part in consideration of $30,-000 . . . has granted, bargained, sold . . . to the said party of the second part, his heirs and assigns."

William Pollock died November 27, 1869, intestate, unmarried, and without issue, leaving as heirs at law the children of Mary Power, deceased. There being a question raised as to the legal delivery of the deed of January 9, 1868, during the lifetime of William Pollock, James McClain presented a petition to the orphans' court praying a decree directing John R. Large, as administrator of William Pollock, deceased, to execute and deliver a deed of the said purpart. The court made a decree in accordance with the prayer of petitioner, and a deed was made by John R. Large, as administrator, and delivered to McClain March 13, 1873.

Thereafter the defendants in this case filed a bill in equity,

reciting the deed of Large, as attorney of Pollock, as never having been delivered, and desiring that it should be declared null and void, so that the parties would have no rights under it. The court held in that case that the deed was good.

The payment of the collateral inheritance tax by the heirs of Martha Pollock had been overlooked and in November, 1884, the real estate appraiser assessed the collateral inheritance tax of Martha Pollock's interest in the 200-acre tract, with interest from the date of her death, at $1,977.62. The collector pressed the collection of one half of this tax against the land purchased by McClain from William Pollock, the greater part of which McClain had divided into lots and sold. McClain under protest, and to save himself from execution and sale, paid the one half of the tax and brought this action to recover the same.

The court STOWE, J., charged the jury, *inter alia,* as follows:

"The first question is one of fact. The defendants say (admitting for the present that plaintiff has a right to recover under the deed under which he claims) that there was another deed made afterwards, and this deed has never been delivered. If this deed never was delivered to him, he of course can have no claim or right under it; and the deed that was made by order of the orphans' court, subsequently to the death of Pollock, would indicate that this deed had never been delivered; but this is not conclusive. It seems that after that proceeding had been taken and another deed made which would have confirmed any doubt that might have existed in the title of McClain under former proceedings, the heirs, the very parties who were bound to pay this debt, filed a bill in equity, reciting this deed of Large as having never been delivered, and desiring that it might be declared null and void so that the parties would have no rights under it. It was held in that case that this was a good deed; and consequently we must hold, as between the parties themselves, that to all intents and purposes the deed given by Large, as attorney for Pollock, was a good deed to vest title, or at least a good deed as far as McClain was concerned to protect him, because it had been delivered to him or was in a shape where he could take the legal benefit of it so far as the property was concerned."

The court directed a verdict for the plaintiff, subject to the opinion of the court as to whether, under the covenants in the

deed from Pollock of January 9, 1868, to plaintiff, the latter had a right to recover in this suit the money paid by him as collateral inheritance tax, which was a lien upon the property conveyed by said deed. The court, upon the question reserved, delivered an opinion, *inter alia,* as follows:

"The plaintiff contends that the words 'grant, bargain, and sell' in the deed, under the act of May 28, 1715, created a covenant against encumbrances which was broken as soon as made by this lien, and that plaintiff, being compelled to pay it to save his property, has a right to recover it in this suit.

"Defendants claim that the lien for the tax was not brought about by the act of the vendor, but being imposed by the law prior to the vesting of the title in him by descent, plaintiff has no remedy upon the covenant arising out of the words 'grant, bargain, and sell.'

"We think the case of Shaffer v. Greer, 87 Pa. 370, covers this.

"The encumbrance here was a tax which originated with the title of plaintiff's vendor, and was coincident with, or as between him and his vendee, the plaintiff—it was his duty to see it paid. It seems to us that it would be giving the statute too narrow an interpretation to hold that it did not cover such a case as this. It does not appear a forced construction to say that he [the grantor] suffered a charge on the land during his title, for which, as between him and his grantee, he was bound to indemnify him.

"It is now ordered that judgment be entered on the question of law reserved for the amount of the verdict, on payment of verdict fee."

Judgment was entered for plaintiff; and defendants took this writ, assigning, *inter alia,* as error the action of the court in ordering that judgment be entered on the question of law reserved for the amount of the verdict, and in not entering judgment for defendants on the question of law reserved, *non obstante veredicto..*

*T. C. Lazear* and *E. P. Douglass,* for plaintiffs in error.— The act of May 28, 1715, was first construed in the case of Gratz v. Ewalt, 2 Binn. 95, in which it was held that the words "grant, bargain, and sell" do not under the act amount to a general warranty, but merely to a covenant that the grantor has

not done any act nor created any encumbrance whereby the estate granted might be defeated.

See also Whitehill v. Gotwalt, 3 Penr. & W. 313; Knepper v. Kurtz, 58 Pa. 480; Funk v. Voneida, 11 Serg. & R. 111, 14 Am. Dec. 617.

The facts in the case of Shaffer v. Greer, 87 Pa. 370, are not parallel with the facts in this. In that case the lien was created by act of assembly during the title of the grantor. In this case the collateral inheritance tax was a lien on the property granted by Pollock to McClain prior to the acquisition of title by Pollock.

*S. H. Geyer* and *Winfield S. Wilson,* for defendant in error.— The neglect of William Pollock to pay or discharge this tax was an encumbrance done or suffered from the grantor during his ownership. Strode v. Com. 52 Pa. 182; Clymer v. Com. 52 Pa. 186.

When the estate or any portion of it passes to others than the excepted class, the duty of paying the tax follows. Scott, Intestate Law, 527.

The representative of the deceased is not required to pay the tax upon real estate. He has not the settlement of it, as it never comes into his hands but passes directly to the heir or devisee, who alone is responsible for the payment. Boyd's Estate, 4 W. N. C. 510.

It is a lien upon the real estate chargeable, and, being a claim due the commonwealth, there is no limitation except as against purchasers; it shall be presumed to have been paid after twenty years. Price, Lim. & Liens, 320; Act of May 4, 1885, (P. L. 425, Purdon's Digest, 219).

It is enough that the grantor suffered a charge on the land— during his title—for which, as between him and his grantee, he was bound to indemnify him. Shaffer v. Greer, 87 Pa. 375.

PER CURIAM:

The law of this case is so well expressed in the opinion of the learned judge of the court below that we think it unnecessary to add anything thereto.

Judgment affirmed.