# Beeson v. Porter, Appellant.

[Marked to be reported.]

*Ejectment—Construction of deed—Province of court and jury.*

In an action of ejectment for the specific performance of an agreement to purchase land, where the defendant claims that a sufficient deed was not tendered to him, it is error for the court, after construing the agreement to the jury, to leave it to them to determine from inspection whether the deed was sufficient under the written agreement.

In such a case if the verdict of the jury affirms the sufficiency of the deed, and the Supreme Court is of the opinion that the deed is sufficient, the judgment entered on the verdict will not be reversed.

Argued May 10, 1893.   Appeal, No. 9, July T., 1893, by defendant, Ewing B. Porter, from judgment of C. P. Fayette Co., Dec. T., 1891, No. 216, on verdict for plaintiff, John K. Beeson.   Before Sterrett, C. J., Green, Mitchell, Dean and Thompson, JJ.

Ejectment to enforce specific performance.

At the trial before Inghram, P. J., plaintiff offered in evidence the following agreement :

"This article of agreement, made the 27th day of January, A. D. 1891, by and between J. K. Beeson, of Uniontown, Pa., and E. B. Porter of the same place ; Witnesseth, That the said Beeson does hereby sell and agree to convey to the said Porter, clear of all incumbrances, all his undivided interest in the Mount Braddock land, lying east of the land bought by T. R. Wakefield at assignee's sale, the eastern boundary of the same being located parallel with and thirty feet west of the B. & O. R. R., and situated in Dunbar township, Fayette county, Pennsylvania, the consideration to be ten thousand four hundred dollars, payable to the said Beeson when he shall make and deliver to the said Porter a good and sufficient deed for the same."

Subsequently a deed was tendered to defendant, who claimed that it did not contain all the land specified in the agreement.   The deed called for "all that tract of land known as Mount Braddock which lies on the east side and adjoining the land conveyed by said John K. Beeson and Ellen T., his wife, to Samuel E. Ewing, excepting and reserving all rights in and to the same of the Fayette County Railroad Company."

The court charged in part as follows:

" It will be, gentlemen of the jury, our duty to instruct you as to the construction of the agreement, and we do instruct you, that by said agreement the plaintiff sold and agreed to convey to the defendant, Porter, clear of all incumbrances, all his, the plaintiff's, undivided interest in the Mt. Braddock farm, lying east of the land bought by T. R. Wakefield at the assignee's sale, and the eastern boundary of the same located parallel with and thirty feet west of the B. & O. railroad, in Dunbar township, in this county; that the consideration was to be $10,400, and that that was payable to Beeson when he should make and deliver to said Porter a good and sufficient deed. It being admitted by the plaintiff that he has already received $400, it would leave still $10,000 coming to him.

" The plaintiff has testified that the deed which he tendered to the plaintiff is in accordance with the terms of the agreement, and covers all the land which he agreed to convey to the defendant. The counsel for the plaintiff claims that he has filed that deed in the office of the prothonotary, there to be held until such time as the defendant shall comply with his part of the agreement.

" As we have, now, gentlemen of the jury, tried to construe this agreement to you so that you may properly understand it, [we leave it to you to determine from an inspection of the deed and the agreement, as we have interpreted it, whether or not the plaintiff has complied with the terms of the agreement by tendering to the defendant such deed as he is required to deliver under this agreement.] " [3]

Defendant's points were, among others, as follows:

2. The description in the plaintiff's deed does not correspond with the description in the article of agreement. Refused. [1]

3. Request for binding instructions. Refused. [2]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1, 2) answers to points; (3d and additional assignment) portion of charge in brackets; quoting portion of charge, points and answers.

*Edward Campbell*, for appellant.

*S. E. Ewing*, for appellee.

OPINION BY MR. JUSTICE THOMPSON, May 25, 1893 :

This was an action of ejectment by appellee for the specific performance of an agreement of appellant to purchase from him a tract of land consisting of 1210 acres. On January 27, 1891, the appellee and the appellant entered into this agreement by which the former agreed to sell and the latter to purchase all the undivided interest of appellee in land described as Mount Braddock, land lying east of land bought by T. R. Wakefield at assignee's sale, the eastern boundary of the same being located parallel with and thirty feet west of the Baltimore and Ohio Railroad. The consideration was $10,400 payable upon the delivery of the deed by appellee. The appellant paid $400 and refused to pay the balance because a sufficient deed was not tendered him. Upon the trial appellee offered in evidence a deed for all of his undivided one third of eight tracts of land being the same devised by his father to him and to his brothers, lying east of land conveyed by John K. Beeson and wife to Samuel E. Ewing, being the interest in the same land as that conveyed to Thomas R. Wakefield and having the same description. The learned judge after instructing the jury as to the effect of this agreement, submitted to the jury to determine from an inspection of the deed and the agreement whether or not the plaintiff had complied with the terms of the agreement by tendering the deed in question. The learned judge said in this connection : " As we have, now, gentlemen of the jury, tried to construe this agreement to you so that you may properly understand it, we leave it to you to determine from an inspection of the deed and the agreement, as we have interpreted it, whether or not the plaintiff has complied with the terms of the agreement by tendering to the defendant such deed as he is required to deliver under this agreement." As contended under the additional assignment of error filed, it was error to leave it to the jury, to determine whether the appellee had tendered a sufficient deed. It was a question, not for the jury, but for the court. If the deed tendered was sufficient the learned judge should have so instructed them. In Reno v. Moss, 120 Pa. 67, it was said by Mr. Justice WILLIAMS : " From this review of the cases it is quite clear that in an equitable ejectment the judge sits as a chancellor ; that it is his duty to ' view and weigh facts for himself ' and to with-

draw the evidence from the jury when it is not such as ought in equity and good conscience to induce a decree of specific execution. Whether the doubt arises from the insufficiency of the facts alleged if found by the jury, or the insufficiency of the evidence to justify a finding in favor of the alleged contract, it is of no consequence. It is the existence of the doubt, however arising, that stays the hand of the chancellor. Unless upon the whole evidence the conscience is moved the decree should be withheld." Again, in the case of Hess v. Calender, 120 Pa. 152, he says: "What then is the province of the jury in such a case, and what is the meaning of the expression quoted by the plaintiff in error from the opinion of Moore v. Small? We reply that it simply is that of an advisory council in aid of the conscience of the chancellor; Moore v. Small, supra; Brightly Eq. sec. 758–759; Piersol v. Neill, 63 Pa. 420. If he is satisfied upon all the evidence that the case is a proper one for specific execution, he should say so to the jury and direct their verdict."

The learned trial judge instead of determining whether the deed tendered was such as the appellee was required to tender, submitted that question to the jury and thus required them to perform a duty which was peculiarly his own. While there was error in thus submitting to them this question, yet, as the deed tendered is a sufficient compliance with the agreement, and as in a new trial it would be the duty of the trial judge so to hold, it is in view of this fact unnecessary to incur the delay as well as expense of a new trial by sending it back for that purpose and therefore this judgment is affirmed.