## Taylor v. Allen, Appellant.

*Deed—General warranty—Implied covenant against encumbrances—Tax liens—Act of May 28, 1715, 1 Pennsylvania Laws 94.*

Where land subject to the lien of taxes is conveyed by a deed of general warranty containing the usual words "grant, bargain and

sell," a breach of the covenant of warranty occurs immediately upon the delivery of the deed, inasmuch as a lien for taxes is an encumbrance within the meaning of the Act of May 28, 1715, 1 Pennsylvania Laws 94, which provides that the words "grant, bargain and sell" in a recorded deed "shall be adjudged an express covenant to the grantee, his heirs and assigns, to wit, that the grantor was seized of an indefeasible estate in fee simple, freed of encumbrances done or suffered from the grantor."

If, in such a case, the grantee has been compelled to pay the taxes after notice to the grantor, he may recover from the grantor the amount which he has been compelled to pay, and this is the case although the taxes were assessed before the grantor became the owner of the property.

Argued April 16, 1915. Appeal, No. 43, April T., 1915, by defendant, from order of C. P. Allegheny Co., Jan. T., 1910, No. 105, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Elizabeth A. Taylor v. L. M. Allen. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on a general warranty. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*S. H. Allen,* for appellant.—The tax liens complained of in this suit were not caused or suffered by the grantor, the defendant, but were existing prior to the inception of his title: Knepper v. Kurtz, 58 Pa. 480.

The common clause of warranty does not cover encumbrances: Dobbins v. Brown, 12 Pa. 75; Patton v. McFarlane, 3 P. & W. 419; Stewart v. West, 14 Pa. 336; Scott v. Scott, 70 Pa. 244; Williams v. O'Donnell, 225 Pa. 321.

The meaning of the covenant of warranty is not to be extended by the courts; any extension must be by the

legislature: Clark v. McAnulty, 3 S. & R. 363; McGrew v. Harmon, 164 Pa. 115.

*J. F. Calhoun,* for appellee.—The taxes were an encumbrance within the meaning of the statute: Lafferty v. Milligan, 165 Pa. 534; Memmert v. McKeen, 112 Pa. 315; Large v. McClain, 4 Sadler 240.

OPINION BY HENDERSON, J., July 21, 1915:

This is an appeal from the action of the court below in entering judgment for want of a sufficient affidavit of defense. The defendant conveyed to the plaintiff by deed of general warranty dated October 14, 1899, a piece of land situated in the City of McKeesport. The deed contained the usual words "Grant, bargain and sell" and the action was brought on the covenant against encumbrances given to these words by the Act of 1715. School and city taxes were assessed against the lot for the years 1897 and 1898, the latter tax having been assessed a short time before the defendant became the owner of the property. These taxes continued a lien against the lot during the defendant's ownership thereof and liens were filed in May and June, 1899, for the taxes of the year 1897. Liens were filed in March and June, 1900, for the taxes of 1898. The plaintiff, having failed to secure an order striking off the liens, paid the same after the defendant had been requested at various times to pay and discharge the same and had omitted so to do and had failed to take steps to cause them to be stricken off or to assist the plaintiff in accomplishing that object. The Act of 1715 provides that the words, "grant, bargain and sell" in a recorded deed shall be adjudged an express covenant to the grantee, his heirs and assigns, to wit: that the grantor was seized of an indefeasible estate in fee simple free from encumbrances done or suffered from the grantor. By operation of this act these words embrace a covenant of seizin, a covenant for quiet enjoyment and a covenant against encumbrances: Memmert

v. McKeen, 112 Pa. 315. In that case encumbrances were defined to be of two kinds: (1) such as affect the title; (2) such as affect the physical condition of the property. An encumbrance was defined in Lafferty v. Milligan, 165 Pa. 534, to be "every right or interest in the land which may subsist in third persons to the diminution of the value of the land but consistent with the passing of the fee by the conveyance." That the charges paid by the plaintiff are within this definition is clear. It is not disputed in the affidavit of defense that the taxes were regularly assessed, that they were liens against the property and that the liens were filed of record. The owner of the land became bound to discharge them to save her property from sheriff's sale. The taxes being liens at the time the defendant conveyed to the plaintiff the covenant against encumbrances was broken when it was made: Memmert v. McKeen, supra. And when the plaintiff was compelled to pay to relieve her property her right of action was complete for the injury sustained. The most common encumbrances are liens of judgments, mortgages, taxes and municipal assessments. When valid and regularly entered they equally effect a diminution of the value of the land and there is no reason for making a distinction between them in applying the Act of 1715. That the encumbrance was "done or suffered" from the grantor is not an unreasonable construction of the language of the statute as applied to the facts of the case. That is "suffered" which one refrains from forbidding or preventing; which one permits, allows or tolerates. Where therefore an owner permits a lien to be filed against his land and neglects to cause it to be discharged it can with exactness of expression be said that the encumbrance was "suffered" by him: Large v. McClain, 4 Sadler 240. The case does not depend on the effect of the general warranty contained in the deed and it was not necessary that the plaintiff suffer her property to be taken from her by sheriff's sale followed by an eviction before she

could maintain her action.   The breach of covenant occurred when the deed was delivered for land against which the undischarged liens existed.   The measure of damages was determined by the amount which the plaintiff was compelled to pay.   After having failed to induce her grantor to act in the premises she was reduced to the necessity of paying or losing her land, and she was justified in choosing the least of the evils presented. We think the defense presented is not a sufficient reply to the plaintiff's claim and that the judgment was properly entered in the court below.

The judgment is affirmed.