## Jackson et al., Appellants, *v.* Myers, Guardian.

*Practice, C. P.—Practice Act of May 14, 1915, P. L. 483—Motion for judgment on the pleadings — Affidavits of defense — Raising questions of law—Inclusion of matters of fact—Waiver—Surplusage—Amendment.*

1. A defendant does not waive his legal defense by including matters of fact in the affidavit of defense.

2. Where, under the Practice Act of May 14, 1915, P. L. 483, an affidavit of defense in the nature of a demurrer is filed, the affidavit should raise questions of law only, and should not put in issue matters of fact. It is not reversible error however for the court to treat immaterial averments of fact in the affidavit as surplusage and decide the case as one of law, as such averments of fact may be stricken out by amendment.

3. Where, in an action on an agreement for the purchase of real estate, the court entered judgment for plaintiff for want of a sufficient affidavit of defense; and, on appeal, the judgment was reversed with a procedendo; and thereafter the defendant moved for judgment on the pleadings under the said Act of 1915, the contention that the defendant was not entitled to make such motion because the affidavit of defense set up matters of fact as well as of law, was not well taken; and the lower court properly entered judgment for defendant.

*Contracts—Construction—Sale of interest in estate—Collateral inheritance tax.*

4. An agreement made in settlement of litigation between a guardian of two heirs and the other heirs by which the former sells to the latter all the right, title and interest of the minors in the real and personal estate of a decedent for the sum of $40,000 in cash, "without any deduction whatever," requires the grantee heirs

to pay the sum stipulated without deduction for collateral inheritance tax.

Jackson v. Myers, 257 Pa. 104, reaffirmed; Large v. McClain, 4 Sadler 240, distinguished by fact that no net sum was specified.

Argued Jan. 23, 1918. Appeal, No. 225, Jan. T., 1917, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., March T., 1916, No. 1924, for defendant, entered on the pleadings in the case of Joseph A. Jackson, Bessie A. Jackson Curtis, Joseph Jackson Restein and James Restein v. Arthur J. Myers, Guardian of Lillian M. Jackson and Ariel K. Jackson, Minors. Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a contract for the purchase of real estate. Motion for judgment on question of law raised by affidavit of defense. Before MARTIN, P. J.

The facts appear in Jackson et al. v. Myers, 257 Pa. 104, and in the opinion of the Supreme Court. The court entered judgment for defendant on the pleadings. Plaintiffs appealed.

*Error assigned* was the judgment of the court.

*John G. Kaufman* and *Albert T. Bauerle,* with them *V. Gilpin Robinson,* for appellants.

*James W. Laws,* for appellee.

OPINION BY MR. JUSTICE WALLING, March 11, 1918:

On the former appeal, Jackson et al. v. Myers, Guardian, 257 Pa. 104, we reversed the judgment entered for want of a sufficient affidavit of defense, and said, inter alia, "We must assume that the parties dealt with full knowledge of the law, and, therefore, knew that the estate of George ·W. Jackson, deceased, passing to the minors, was subject to a collateral inheritance tax which

was a lien and must be paid before the minors received and could convey it. With this knowledge, the plaintiff contracted to pay the defendant '$40,000 in cash, without any deduction whatever' for their interest in the estate. The natural and necessary inference is that the parties meant what their contract clearly imports, that the stipulated price was to be paid without deducting the collateral inheritance tax. We think, therefore, that the case must be ruled against the plaintiffs on a proper interpretation of the contract."

The question of defendant's right to judgment on the pleadings was not then raised. After the record was remitted and case listed for trial, defendant moved for judgment pursuant to Section 20 of the Practice Act of May 14, 1915, P. L. 483, on the ground that the case turned on questions of law raised by the pleadings. Plaintiffs objected to the motion, but the court below, in reliance upon our decision, entered judgment for the defendant; from which plaintiffs brought this appeal. We will not restate the facts or legal questions so fully presented in the opinion by our Brother MESTREZAT on the former appeal. However, as our attention has been called to Large v. McClain, 4 Sadler 240, we will say it is not parallel to this case, especially as there was no agreement there to pay a net sum for the interest of the heirs.

While the affidavit here set up some matters of fact, the case turned upon the construction of written instruments and was for the court. The rights of the parties were governed by the agreement for the purchase of the property by plaintiffs from defendant, the action of the Orphans' Court decreeing the sale thereof and the deed executed pursuant thereto; all properly set forth in plaintiffs' statement. Prior to said act, the whole case could have been disposed of on demurrer, and now can by affidavit raising questions of law as provided in the statute. Defendant did not waive his legal defense by including matters of fact in his affidavit. A trial is to determine material questions of fact; here there are

none.   It would be vain to empanel a jury in a case after it had been determined as matter of law that plaintiff could not recover.   In our former opinion some reference is made to the matters of fact let out in the affiadvit of defense, but the decision rests upon the construction of the contract.

In view of that decision the court below was undoubtedly right in treating the case as one of law; the only question is as to the practice.   The section of the act above referred to provides, inter alia, "The defendant in the affidavit of defense may raise any question of law, without answering the averments of fact in the statement of claim; and any question of law, so raised, may be set down for hearing, and disposed of by the court." To bring a case literally within this clause of the statute, the affidavit should raise questions of law only, and that would be correct practice; but in our opinion it was not reversible error for the court to treat the averments of fact in the affidavit as surplusage and decide the case as one of law.   Such averments might have been stricken out by amendment as immaterial.   In any event no harm was done plaintiffs as it had been definitely determined that they could not recover.   A judgment right in substance will not be reversed on a technical error at the instance of a party who could gain nothing thereby.   See Scranton School District v. Simpson, 133 Pa. 202; Bailey v. Pittsburgh Coal R. R. Co., 139 Pa. 213; Beeson v. Porter, 155 Pa. 579; Yocum v. Commercial Nat. Bank, 195 Pa. 411.   Had the case gone to jury trial, and had plaintiffs supported their averments by proof, a compulsory nonsuit would have been inevitable; hence, it was unnecessary to go through that formality.   In moving for judgment for want of a sufficient affidavit of defense, plaintiffs asked the court to decide the case as matter of law, and it was rightly so treated at their instance and later at the instance of defendant.

The assignments of error are overruled and the judgment is affirmed.