## Hower v. Brouse.

*Practice, C. P.—Affidavit of defence—Question of law—Defence on merits —Act of May 14, 1915.*

1. Under the Act of May 14, 1915, P. L. 483, it is improper practice in an affidavit of defence to raise questions of law by way of demurrer and at the same time to answer to the merits of the case.

2. If such an affidavit is filed, the court will treat as surplusage the averments as to the merits and pass upon the questions of law raised therein.

*Practice, C. P.—Caption of case—Statement—Names—Amendment.*

3. Where a statement of claim properly sets forth the name of the plaintiff in its caption, and the name endorsed on the back of the statement does not tally with the name in the caption, the court will permit an amendment so that the name will properly appear on the endorsement.

Affidavit of defence as a demurrer. C. P. Snyder Co., Oct. T., 1923, No. 43.

*J. G. Weiser* and *A. F. Gilbert*, for plaintiff.

*C. P. Ulrich* and *H. A. Coryell*, for defendant.

POTTER, P. J., Nov. 13, 1923.—In this case the plaintiff's statement was duly filed and served. The defendant then filed an affidavit of defence, in which he undertook to raise questions of law by way of demurrer, and to answer the plaintiff's statement by way of an affidavit of defence to the merits of the case. It is very clear that this cannot be done. Should it be desired to raise questions of law, the affidavit of defence should then contain nothing else, and should it be desired to raise a defence on the merits of the case, then the affidavit of defence should contain no questions of law.

Section 20 of the Practice Act of May 14, 1915, P. L. 483, *inter alia*, provides as follows: "The defendant in the affidavit of defence may raise any

question of law *without answering the averments of fact in the statement of claim,* and the questions of law so raised may be set down for hearing and disposed of by the court. . . ."

This section is mandatory in its provisions for raising questions of law, and the word *may,* as used here, means *shall:* McAllister et al. *v.* Com., 28 Dist. R. 509.

Questions of law, if any, must in the first instance be raised *without* answering the averments of fact in the statement of claim: McAllister et al. *v.* Com., 28 Dist. R. 509.

The correct practice is to raise questions of law only in the affidavit of defence, but should it also contain averments of fact, they may be treated as mere surplusage and the case decided as one of law: Jackson *v.* Myers, 260 Pa. 488; Bovaird *v.* Barrett & Son, 78 Pa. Superior Ct. 68; Miller *v.* Keim, 70 Pitts. L. J. 589.

In the light of these authorities, we will, therefore, strike off that part of the affidavit of defence which undertakes to set out a defence on the merits of the case as surplusage, and we will address ourselves to the questions of law therein raised, as follows:

"1. The defendant, in the nature of a demurrer to the plaintiff's statement, avers that the plaintiff's statement, as served upon the defendant by the sheriff, is either not a true copy of the original statement filed or is defective in this, that no defendant is named in the caption of the case."

This defect has this day been cured by an amendment duly allowed, naming the defendant in the caption of the case.

"2. Defendant also demurs that the endorsement on the copy served upon the defendant is entitled 'H. C. Hower Lumber Company' *v.* H. Cloyd Brouse, whereas the plaintiff is not the H. C. Hower Lumber Company, but 'H. C. Hower, trading and doing business as H. C. Hower Lumber Company.' "

On the first page of the plaintiff's statement the caption of the case is as follows: "H. C. Hower, trading and doing business as H. C. Hower Lumber Company." This name appears at the beginning of the statement and is the correct name of the plaintiff. On the face, or outside of the statement, the name appears as "H. C. Hower Lumber Company." This name does not tally with the name as given inside of the statement. It should be the same. The plaintiff may amend it, the amendment of it not being a material change in the action. The name of the plaintiff as given on the inside and in the body of the statement is the one that is important, and that name is correct.

"3. The defendant further demurs to the plaintiff's statement that the damage as itemized in paragraph 8 of the plaintiff's statement are illegal as items of damage, and that he is informed that the true measure of damages, if any, is the difference between the price paid for the horse and the price obtained for the horse when he sold him."

The matters contained in this third specification are not the subject of a demurrer, but are matters to be determined upon the trial of the case. At this time we have nothing to do with them.

The balance of the affidavit of defence undertakes to set up a defence to the merits of the case, all of which we have already stricken off as surplusage.

We can see no merit in the questions of law raised, and they are dismissed.

And now, to wit, Nov. 13, 1923, the questions of law raised in the affidavit of defence by way of demurrer are dismissed; that part of the affidavit of defence attempting to raise a defence on the merits of the case is stricken off as surplusage, and the defendant is given fifteen days from this date in which to file his affidavit of defence on the merits of the case.