# Steel, Appellant, *v.* Levy.

*Practice, C. P.—Cause of action—Assumpsit—Trespass—Prior judgment—Res judicata—Waiver—Pleas in abatement—Affidavit of defense—Speaking demurrer—Act of May 14, 1915, P. L. 483.*

1. Causes of action for assumpsit and trespass cannot properly be joined in a single statement of claim.

2. Failure to object to such improper joinder operates as a waiver of the right to do so.

3. Pleas in abatement are expressly abolished by section 3 of the Practice Act of May 14, 1915, P. L. 483.

4. Where a defendant intends to raise the legal issue that the statement of claim does not show a cause of action, he should not, in that affidavit of defense, allege any issue of fact.

5. Judgment cannot be entered for defendant, on issues of law raised in an affidavit of defense, except for a substantial defect in the statement itself.

6. Where a statement of claim does not refer to a prior suit between the same parties, judicial notice cannot be taken of it, for the purpose of entering a summary judgment, even though it was in the same court.

7. Questions of law raised in an affidavit of defense operate as a statutory demurrer, and now, as heretofore, speaking demurrers are bad and must be overruled.

8. Whether or not a prior judgment between the same parties, will, on the principle of res adjudicata, conclusively determine any of the issues raised in a new proceeding, can only be decided on a trial of those issues.

9. On such a trial, the court, aided by the jury if there is a material dispute, will determine this issue by a consideration of the prior judgment as offered in evidence, and of such other extrinsic evidence, if any, as may be produced, in order to show what questions were actually adjudicated in the earlier proceeding.

*Appeals—Interlocutory judgment—Quashing appeal.*

10. A judgment is interlocutory unless all the pending issues are determined thereby.

11. If counsel for appellee do not move to quash an appeal from a judgment which does not determine all the pending issues, the Supreme Court may quash it, without any motion being made, or may make such other disposition of the case as will be of the greatest benefit to the litigants.

*Appeals—Rule 45—Printing record—Act of May 11, 1911, P. L. 279—Exception to judgment—Amendment.*

12. Except as expressly required by Rule 45 of the Supreme Court, only so much of the record is to be printed as has a bearing on the questions raised by the assignments of error.

13. Rule 55 of this court relates only to printing the evidence produced on the trial of the case which is appealed. The court below cannot require or excuse the printing of anything except as specified by Rule 55 and the Act of May 11, 1911, P. L. 279, referred to in that rule.

14. Where an assignment of error does not quote the exception which was in fact taken to the judgment, the appellate court may treat the record as amended, especially where no motion to quash is made.

Submitted January 5, 1925. Appeals, Nos. 172 and 173, Jan. T., 1924, by plaintiff, from judgments of C. P. Blair Co., June T., 1922, Nos. 41 and 42, for defendants, in cases of M. Anna Steel v. Willard N. Levy, and M. Anna Steel v. Willard N. Levy, Milton H. Turney and Hurley H. Fleck. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit. Plea in abatement, affidavit of defense and plea in bar. Before BALDRIGE, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendants. Plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*Thos. H. Greevy, Wm. Wallace Chisolm, Harry E. Clark* and *R. A. Henderson,* for appellant.

*John F. Sullivan* and *O. H. Hewit,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, February 2, 1925:

The records of these two cases disclose more mistakes by counsel and errors by the court, than usually appear in judicial proceedings,—the errors probably resulting

from the court's desire to straighten out the mistakes of counsel, and to expedite the determination of suits which he believed should not have been begun. Happily the appeals are sufficiently alike to enable us to dispose of them in a single opinion.

In the first case, speaking generally and tersely, plaintiff sought to recover, under one statement of claim, for money loaned to defendant; for salary and boarding bills due by him to her; for use and occupation of a property, to the possession of which she was entitled; for personal property of hers wrongfully taken and converted by the defendant to his own use; for personal property of hers obtained from her and her brother by duress and coercion, after a false arrest and imprisonment, and threats to continue the restraint unless the property was delivered to defendant; and for the value of two mortgages she was compelled to satisfy under the same duress and coercion. This epitome demonstrates that there was an improper joinder of causes of action (Kinney v. Harrison Manufacturing & Boiler Co., 22 Pa. Superior Ct. 601, 603), but, as defendant did not object, the error was waived: Parry v. First National Bank of Lansford, 270 Pa. 556.

In answer to the statement, defendant filed two papers, both on the same day: (1) a plea in abatement, alleging the pendency of another suit for the same causes of action; this was improper, as such pleas are expressly abolished by section 3 of the Practice Act of May 14, 1915, P. L. 483; and (2) an affidavit of defense and plea in bar, in which he presented issues of fact as well as of law, the latter being based on the allegation that the same causes of action had already been, or could have been, heard and disposed of, in the trial of a previous suit between the same parties, in the same court. Joining the two kinds of defenses was a procedural mistake; only the legal issues should have been advanced in the first instance: Jackson v. Myers, 260 Pa. 488. The averments of fact, out of which the ques-

tion of res adjudicata were attempted to be preliminarily raised, was entirely new matter, the statement of claim containing nothing on the subject; defendant nevertheless ordered the case down for a hearing of this question, and the court below, being of opinion it could take judicial notice of the record of the prior case, and also that it was res adjudicata of nearly all the items set forth in the statement, entered judgment for defendant as to them,—without giving plaintiff any opportunity to deny the existence and conclusive effect of the record referred to,—but left the present case open for a trial of the balance of the claims.

This judgment was clearly erroneous. Prior to the Practice and Procedure Acts no such course could have been taken, no matter how or from what source the court acquired the knowledge which was supposed to be sufficient to defeat the claim. At that time, plaintiff had the right to deny the existence of such a record, and have the issue thus raised tried before a jury in due course. Those statutes did not alter the substance of this practice; they only specified a different method for raising the issue. They did not give the court power to import into the record of a particular case, for the purpose of entering a summary judgment, anything the parties do not agree shall be placed in it: Bovaird v. Barrett, 78 Pa. Superior Ct. 68. Where an affidavit of defense raises questions of law it is but a statutory demurrer (Hutchinson Baking Co. v. Marvel, 270 Pa. 378, 381), upon the hearing of which the only point to be decided is whether or not, on the facts averred in the statement, it clearly appears, as a question of law, that plaintiff is not entitled to recover: Rhodes v. Terheyden, 272 Pa. 397. Any demurrer, not founded upon averments of the statement, is a speaking demurrer, which from the earliest days has been held to be bad (Brownsword v. Edwards, 2 Ves. 243, 345), and is still so held: Wright v. Weber, 17 Pa. Superior Ct. 451, by RICE, P. J.

At all times the true rule has been, and still is, that "Courts, including those of probate, cannot in one case take judicial notice of their own records in another and different case, even though the trial judge in fact knows or remembers the contents thereof" (23 Corpus Juris 113), except, perhaps, in a few rare instances having no relevancy here. Hence, the only way to dispose of the question of res adjudicata, when the facts are not admitted, is at the trial of the case, when, upon a consideration of the record of the prior judgment offered in evidence, and of any extrinsic evidence which may be produced in order to show exactly what questions were raised and adjudicated in that proceeding (Hartman v. Pittsburgh Incline Plane Co., 23 Pa. Superior Ct. 360; Singer v. Pilton, 282 Pa. 243), the court, aided by the jury, if there is a material dispute, will then determine whether or not there can be a recovery in the new action.

It would seem as if the mistakes and errors above detailed, should have been more than sufficient for any one proceeding, but, like all habits, this one seems to have persisted. With the record in the shape outlined above, plaintiff took the present appeal. As the case was not finally disposed of in the court below, the appeal was premature, because the judgment was interlocutory: Frank P. Miller Paper Co. v. Keystone Coal & Coke Co., 275 Pa. 40. No motion to quash was made, however, and though we could, of our own motion, quash the appeal for this reason, we shall not do so, since both parties will be benefited by our now reversing the judgment (as we have the right to do: Summers v. Kramer, 271 Pa. 189), instead of awaiting the determination of the issues raised as to the other items of the claim, and deciding this matter on a second appeal.

In advance of printing the record plaintiff filed in the court below the following notice: "Because of their irrelevancy to the questions involved, appellant will omit from the printed record, the following: All writs, sum-

mons, notices, and acceptances of service, motions and record to case No. 208, October Term, 1920, [it being the prior suit set up in the final pleading of defendant], ......consent will be presumed if no objections are made within ten days from the date hereof." This was an unnecessary proceeding, the record referred to being the only thing of any possible value in the consideration of the appeal. Under Rule 45 of this court, neither "writs, summons, notices, acceptances of service, motions," nor any other such papers, are to be printed, unless some question regarding them is raised by an assignment of error. So far as the record of the prior case is concerned, appellant, at his peril, had to determine whether or not it should be printed on the appeal. Not recognizing this, but apparently considering that the notice called upon him to act, appellee objected and brought the matter to the attention of the court below; it, alleging an authority in Rule 55, directed that the record of the prior case should be printed. Rule 55 has no relevancy whatever; it refers only to the elimination of inapplicable evidence taken on the trial of the case which is appealed.

Lest it should be supposed the matter had been overlooked, we overrule appellee's objection that the assignment of error, which quotes the judgment, is defective, in that it does not show the exception which was in fact taken to the judgment. No motion to quash was made; the oversight is one regarding which an amendment is always allowed, on request; and hence we will treat the case as if a request had been made and allowed and the assignment amended accordingly.

In the second case, which was by the same plaintiff, against the same defendant and two others, the statement of claim was substantially like that above summarized, except that the items as to which the court below refused to enter final judgment were not included, and it did contain a claim for damages for slander. In this suit the court below entered a final judgment for

defendants. In all other respects, so far as regards pleadings, practice, mistakes and errors, the history of the one accords with that of the other.

In each case the judgment of the court below is reversed and a procedendo awarded.