## Savage et al. v. King.

*Ejectment—Answer—Plea—"Answer in the nature of a special plea in demurrer"—Practice, C. P.—Act of June 12, 1919.*

1. An "answer in the nature of a special plea in demurrer" is not a demurrer, a plea or an answer in the form required by the Ejectment Act of June 12, 1919, P. L. 478.

2. If defendant in ejectment desires to demur to the declaration, he should raise the question of law only, and not put in issue matters of fact.

3. By including matters of fact in the demurrer, the defendant has not waived any legal defence he may have, and the court will permit him to file an answer with abstract of title as provided by the act.

Answer in the nature of a special plea in ejectment. C. P. No. 5, Phila. Co., March T., 1926, No. 16777.

*Golder, Felger & Lemisch,* for plaintiffs; *J. Weaver,* for defendant.

MARTIN, P. J., Aug. 17, 1927.—Plaintiffs filed a declaration in this action of ejectment setting forth their title by a deed of conveyance from a former owner of the property, accompanied by an assignment of a lease of the premises to a "Harry B. Nelson" as tenant.

It is averred in the declaration that the defendant "Nelson King" wrongfully occupies the premises, and claims possession under a lease, a copy of which is attached to the declaration, and the copy is of a lease from M. Clayton Thrush, who was a former owner of the premises, to "Harry B. Nelson."

There is nothing, except the averment in the declaration, to connect the defendant with the lease made to "Harry B. Nelson."

Procedure in ejectment is regulated by the Act of June 12, 1919, P. L. 478, and requires the defendant, in addition to the plea of not guilty, to file an answer in the nature of a special plea, in which he shall set forth his grounds of defence with an abstract of the title by which he claims.

Instead of pursuing the directions of the act of assembly, defendant filed a paper which he described as "answer in the nature of a special plea in demurrer," averring that the lease attached to the declaration shows that it

was made with "Harry B. Nelson," and there is no averment that any person by the name of "Nelson King" ever occupied or claimed possession of the premises; and that the lease shows on its face that plaintiffs are not entitled to possession until 1934. It is further averred that, on May 13, 1926, plaintiffs filed an amicable action in ejectment to recover possession of the premses under the lease, a copy of which is attached to the declaration, and that defendant entered a rule to show cause why the judgment should not be opened to let him into a defence, depositions were taken, and, after argument, the rule was made absolute; and that all matters raised in this suit of ejectment have been decided in favor of defendant.

The "answer in the nature of a special plea" filed by defendant is neither a demurrer, a plea nor an answer in the form required by the act of assembly.

The declaration establishes a *prima facie* right of plaintiffs to possession of the property, and shows that defendant claims possession under a lease to which he is not a party.

If defendant desires to demur to the declaration, he should raise questions of law only, and not put in issue matters of fact.

Defendant has not waived any legal defence he may have by including matters of fact in the demurrer: Jackson *v.* Myers, 260 Pa. 488.

And now, to wit, Aug. 17, 1927, the answer filed in this case in the nature of a special plea in ejectment is not sustained. Defendant is allowed fifteen days to file an answer to the declaration, setting forth his grounds of defence with an abstract of the title by which he claims.