Vondersmith, Appellant, *v.* Urban.

Argued November 14, 1932.

Before

104

TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Charles W. Eaby,* for appellant.

*F. Lyman Windolph* of *Windolph & Mueller,* for appellee.

OPINION BY PARKER, J., March 3, 1933:

The plaintiff, H. M. Vondersmith, brought this action in trespass against Anna Mary Urban to recover property damages occasioned by an automobile collision. The defendant answered all the averments of fact in the statement filed, not limiting herself to agency, etc., as provided in the Practice Act of 1915, and, in addition, set up as new matter a judgment in the same court in a suit by Myra S. Urban, mother of the defendant in this action, against Vondersmith to recover damages suffered by reason of the same accident described in the statement filed in this case. She further alleged that the judgment was paid by Vondersmith. Plaintiff replied to this joint defense, although not required so to do, and admitted the judgment obtained against him, but insisted that the former case was not res judicata in this action, because

Anna Mary Urban, the defendant here, was not a party to the former suit. The cause having been set down for hearing, the lower court entered judgment for the defendant. The primary question for our consideration is whether, under the Practice Act of 1915, it was proper practice to enter a summary judgment on the pleadings.

The defendant did not waive her legal defense by including matters of fact in her affidavit. "It was not reversible error for the court to treat the averments of fact in the affidavit as surplusage": Jackson v. Myers, 260 Pa. 488, 491, 103 Atl. 953. However, the practice of joining two kinds of defense, those involving fact and law, was frowned upon by the Supreme Court in Steel v. Levy, 282 Pa. 338, 340, 127 Atl. 766.

"Where an affidavit of defense raises questions of law it is but a statutory demurrer, upon the hearing of which the only point to be decided is whether or not, on the facts averred in the statement, it clearly appears, as a question of law, that plaintiff is not entitled to recover. Any demurrer, not founded upon averments of the statement, is a speaking demurrer, which from the earliest days has been held to be bad, and is still so held": Steel v. Levy, supra, p. 341; Rhodes v. Terheyden, 272 Pa. 397, 116 Atl. 364; Jackson v. State Mutual, 95 Pa. Superior Ct. 56, 61. The legal defense is res judicata, but there is not any mention of a former suit in the statement. No averment of this kind was made or was required to be made by the plaintiff. The defendant could not, therefore, demur to something that was not on the record.

The defendant concedes that this would normally have been the situation, but contends that the reply of the plaintiff justified the court in disposing of the case summarily on her statutory demurrer. We do not approve of the procedure followed here, and we believe that it is not in harmony with the spirit of the Practice Act of 1915 as interpreted by the Supreme

Court and this court. That act abolished special pleadings and demurrers in actions of assumpsit and trespass. Changes were made which indicate a plain intention upon the part of the legislature to speed up the final determination of issues and avoid technicalities. Definite substitutes have been provided for the former method of dealing with defects in form. The provisions which have been made for dealing with defects in substance are intended to be operative only in clear cases. As was said by Mr. Justice SIMPSON in Rhodes v. Terheyden, supra, p. 401: "The question to be decided under section 20 of the act [Practice Act of 1915], which provides only 'a substitute for the common law demurrer', is not whether the statement is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial, but whether, upon the facts averred, it shows, as a 'question of law', that plaintiff is not entitled to recover." It follows that the remedy by demurrer is only to be resorted to in clear cases, and certainly speaking demurrers are not to be encouraged under the present practice, having been considered bad from the earliest date. To encourage this practice would lead only to intolerable delay and a return to conditions which have fortunately been abandoned.

It is only where the fact of the prior adjudication appears on the face of the statement that it is proper to make the defense of res judicata by demurrer, and it may then prevail only when the case is clear. "It is not improper to make 'the defense of res judicata......by demurrer, where the fact and the tender of the prior adjudication [depended upon] appear on the face of the proceedings' demurred to (23 Cyc. 1524; see, also, MOSCHZISKER's Legal Essays, 81)'': Penn-O-Tex O. & L. Co. v. Big Four O. & G. Co., 298 Pa. 215, 221, 148 Atl. 92. It may appear, however, upon the hearing of the statutory demurrer that the matter could not be summarily disposed of. "Hence, the only way

to dispose of the question of res adjudicata, when the facts are not admitted, is at the trial of the case, when, upon a consideration of the record of the prior judgment offered in evidence, and of any extrinsic evidence which may be produced in order to show exactly what questions were raised and adjudicated in that proceeding (Hartman v. Pittsburgh Incline Plane Co., 23 Pa. Superior Ct. 360; Singer v. Pilton, 282 Pa. 243), the court, aided by the jury, if there is a material dispute, will then determine whether or not there can be a recovery in the new action": Steel v. Levy, supra, p. 342.

The first error in this case was committed by the plaintiff who should have set the case for hearing on the answer of the defendant without making reply thereto. The Practice Act of 1915 did not require the plaintiff to make any reply to the affidavit raising a question of law: Brennan v. Huber, 104 Pa. Superior Ct. 556, 158 Atl. 277. As was said by Judge LINN in that case: "In actions of trespass the legislature has not authorized judgment to be entered for want of a sufficient affidavit of defense, or for want of a sufficient reply by a plaintiff to what a defendant may aver in his affidavit of defense." The matter could then have been readily disposed of. While the plaintiff did reply, he has been objecting from the start to the disposition of the case upon the statutory demurrer of the defendant. Even though this had been with the acquiescence of the plaintiff, we do not regard it as a practice to be approved. The parties may not themselves revive the old objectionable methods of practice and thus defeat the very purpose of the procedure acts. We do not mean to question the practice of agreeing upon facts and submitting the questions of law to the court, but there is a proper way in which this may be done. It is, however, then proper only by agreement of the parties, which was not the case here.

The appellee suggests that the case of Jackson v. Myers, 260 Pa. 488, is authority for the practice which was followed here. We have carefully examined that case and do not find any inconsistency. In fact, that case was decided precisely in accordance with the principles we have stated. There the basis of the suit was a contract declared upon by the plaintiff. The entire controversy hinged upon a proper interpretation of that agreement. Consequently, the answer raising questions of law was a proper reply and would have been good as a demurrer at common law.

The judgment of the lower court is reversed with a procedendo.