## Cushman v. Douville

P. V. *Gifford*, for plaintiff; *Brooks, Curtze & Silin*, for defendant.

ROSSITER, P. J., January 5, 1934.—This is an action on a foreign judgment.

The plaintiff filed her statement of claim with an exemplification of the record of a judgment obtained in the State of New York for $22,483.53. The defendant filed an affidavit of defense raising questions of law and questions of fact. The plaintiff moved to strike off the affidavit of defense.

The defendant, in his "affidavit of defense, new matter, and counterclaim", sums up his objections as to matters of law as follows:

"Twentieth:—For further answer to paragraphs 15 and 19, and for answer to the whole of the plaintiff's claim in this case, this defendant avers that plaintiff is not entitled to maintain her action for the reason that the judgment upon which suit is brought in this case is not a final judgment; that, within the proper time and in accordance with the statutes and practice of the State of New York, an appeal from the judgment sued on and the refusal of the trial justice to grant a new trial, and to dismiss the proceedings on a demurrer to the evidence, motions for which were duly made, has not yet been disposed of and is now pending, but will be disposed of at the first opportunity for hearing of the said appeal; and that until the said appeal has been heard and disposed of by the appellate court the plaintiff does not have such a judgment as will enable her to maintain an action thereon in the Court of Common Pleas of Erie County, Pa.

"Twenty-first:—For further answer to the whole of plaintiff's claim, this defendant denies the right of the plaintiff to maintain her action for the reason that she has not procured leave of any court to bring this suit on her judgment, and that such leave is a condition precedent to her right to maintain this action; that section 1913 of the New York Code of Civil Procedure provides as follows:

" 'Except in a case where it is otherwise specially prescribed in this act, an action upon a judgment for a sum of money, rendered in a court of record of the State, cannot be maintained, between the orginal parties to judgment, unless, either

" '1. Ten years have elapsed since the docketing of such judgment; or,

" '2. It was rendered against the defendant by default for want of an appearance or pleading, and the summons was served upon him, otherwise than personally; or

" '3. The court in which the action is brought has previously made an order, granting leave to bring it. Notice of the application for such an order must be given to the adverse party, or the person proposed to be made the adverse party, personally, unless it satisfactorily appears to the court, that personal notice cannot be given, with due diligence; in which case, notice may be given in such manner as the court directs.' "

As to matters of fact, termed "new matter" in the affidavit, the defendant avers that the plaintiff is a nonresident of Erie County but is a resident of Chautauqua County, N. Y.; that therefore she can be required to give security for costs; and defendant also sets up a counterclaim in the sum of $4,726.63, or $869.17 due for medical and professional services and $2,908 on account of a bond and mortgage, with interest amounting to $949.46.

Divested of verbiage, the defendant's contention as to matters of law is that the judgment sued upon here was not a final judgment in its home State and that in any event section 1913 of the New York Code of Civil Procedure prohibits the bringing of an action in another court upon a judgment unless the court in which the action was originally brought had previously made an order granting leave so to do. In our opinion, neither of these contentions can be sustained here.

In Union Trust Co. v. Rochester & P. R. Co., 29 Fed. 609, it was held:

"The New York statutory provisions, forbidding suit to be brought upon a judgment rendered in a court of record of that state without a previous order of the court in which the original action was brought, granting leave to bring the new suit, must be held as intended only to regulate the course of procedure in the New York state courts. Such was the conclusion of Judges Dillon and Love in respect to a similar statute of the state of Iowa: Phelps v. O'Brien Co., 2 Dill. 518; 11 Myers, Fed. Dec. § 593. . . .

"An action of debt will lie on a judgment of another state, notwithstanding the pendency of an appeal or writ of error: Merchants' Ins. Co. v. De Wolf, 33 Pa. St. 45; Bank v. Wheeler, 28 Conn. 433."

In Wood Company v. Berry Company, 4 Dist R. 141, it was held:

"The question has been discussed and has been decided both in this country and in England. It has been distinctly decided that the pending of an appeal or writ of error, though a *supersedeas*, is no defence to an action upon the record, either by way of bar or abatement. The *supersedeas* is only to the execution, and not to the judgment."

In Rhamstine Radio Specialty Co. v. Sherman, 11 D. & C. 213, it was held:

". . . the provisions of the law of the State of New York in question, if it exists as alleged, is one which does not limit the force of the judgment but relates merely to a remedy thereon, and as such would have no force outside of the State of New York."

In Falkner v. Franklin Ins. Co., 1 Phila. 183, 185, it was held:

"It is settled in the English Courts, that the pendency of a writ of error cannot be pleaded either in *bar* or *abatement*, to an action of debt on a judgment. . . .

"But should the action upon the judgment be prosecuted to judgment for the plaintiff, whilst the writ of error is pending, the court will stay *execution* upon

the second judgment until the writ of error be determined: Christie v. Richardson, 3 D. & E. 78, Berwill v. Black, Ibid. 643. If the judgment be affirmed, the stay of execution ceases—if reversed, the proceedings in the second judgment are ended. This is the rule in England, and it is the same here. Authority for so plain a proposition, need scarcely be cited. Evans v. Tatem, however, may be referred to, for a dictum of Chief Justice Tilghman to this effect."

In The Merchants' Insurance Co. v. De Wolf, 33 Pa. 45, it was held:

"Here the action of debt on a foreign judgment is an orginal and independent action, and no judgment that we may render on it can be affected by any proceedings elsewhere; for those proceedings cannot set aside or confirm what we may do. Our judgment is final, and a writ of error to it does not bring up the proceedings elsewhere on an appeal or writ of error to the first judgment. If, then, we enter judgment, it must be conclusive, unless we leave it to be set aside, or stayed, or enforced at the discretion of the court below, on which proceeding a party has no right of review; or, unless we say that on a reversal of the first judgment, the defendant shall have a right to *audita querela;* or, perhaps, to a writ of error *coram nobis,* to have the court below reverse its own proceedings and award restitution, as the case may require."

Clearly then, the defendant's contention as to law cannot be sustained.

As to the questions of fact alleged in the plaintiff's affidavit in conjunction with the questions of law, it was held in Jackson et al. v. Myers, 260 Pa. 491:

"The section of the act above referred to (Act of 1915, P. L. 483, Sec. 20) provides, inter alia, 'The defendant in the affidavit of defense may raise any question of law, without answering the averments of fact in the statement of claim; and any question of law, so raised, may be set down for hearing, and disposed of by the court.' To bring a case literally within this clause of the statute, the affidavit should raise questions of law only, and that would be correct practice; . . ."

In Rhodes, etc., et al. v. Terheyden et al. (No. 1), 29 Dist. R. 507, it was held:

"Under section 17 of the act (1915, P. L. 483) an affidavit of defense raising questions of law, which may be concisely described as a statutory demurrer, should not contain averments of fact."

In Fritz et ux. v. McGeehan, 4 D. & C. 470, it was held:

"It is bad practice to file an affidavit of defence to both the merits and the law of a case."

And to the same effect are a number of other common pleas cases; however, the defendant does not lose his defense by including matters of fact in his affidavit along with the matters of law: Jackson et al. v. Myers, 260 Pa. 490; and as the affidavit seems to point to partial payment, or obligations that may be applied to payment, which is one of the defenses that may be made to a suit on a foreign judgment, the rule for want of a sufficient affidavit of defense should not be made absolute as to that part of the affidavit which alleges these facts; but the affidavit raising questions of law and fact together, being improper practice as indicated supra, the questions of law should be and they are now, January 5, 1934, all overruled, and the affidavit of defense as to the facts should be and it is stricken off, and leave is granted to file an affidavit of defense as to the facts within 10 days.